FILED
NOV 1 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUREEN SANTINI )
5810 Ipswich Road )
Bethesda, MD 20814 )
301.530.0101 )
      Plaintiff )
  v. )
 )
JEFFREY A. TAYLOR, in his official )
capacity as United States attorney
555 4th Street N.W.
Washington, D.C. 20530

and

DANIEL J. METCALF, in his official
capacity as director of the Justice
Department's Office of Information and
Privacy
Suite 11050
1425 New York Avenue
Washington DC 20530-0001
      Defendants

CASE NUMBER   1:06CV01970

JUDGE: Gladys Kessler

DECK TYPE: Administrative Agency Review

DATE STAMP: 11/17/2006

## COMPLAINT

1. This is an action under the Freedom of Information Act (FOIA) 5 U.S.C. §552, and the Administrative Procedure Act (APA), 5 U.S.C. § 701-706 for injunctive and other appropriate relief and seeks expedited release of requested agency records and expedited compliance with plaintiff's subpoena.

### Jurisdiction

2. This Court has jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552 (a)(4)(B) and 552 (a)(6)(E)(iii). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.

1

## Parties

3. Plaintiff is an adult citizen of Maryland and resides in Bethesda.

4. The U.S. attorney's office and the Justice Department's Office of Information and Privacy are organized under the laws of the United States Code and are subject to suit under APA and FOIA.

5. Defendant Taylor is the U.S. attorney for the District of Columbia and is sued in his official capacity.

6. Defendant Metcalf is director of the Justice Department's Office of Information and Privacy and is sued in his official capacity.

## Statement of Facts

7. Plaintiff was arrested on two charges of felony threats on December 15, 2000. The U.S. attorney's office dropped both within a month and substituted a single misdemeanor, which was later dismissed.

8. In 2003 plaintiff filed suit against the attorneys who represented her in 2000-2001. The suit is pending in D.C. Superior Court.

<u>FOIA and Privacy Act Requests</u>

9. In 2004-2005 plaintiff sought information about her arrest and prosecution under the FOIA and Privacy Act.

10. In a letter dated June 30, 2004, the Justice Department civil division said it found no records pertaining to plaintiff. In a letter dated August 31, 2004, the DOJ criminal division said it found no records. In a letter dated June 10, 2004, the FBI said it found no records.

11. Around February 28, 2005, plaintiff received several pages of records from the Executive Office of United States Attorneys. Thirty pages were redacted based on claimed exemptions 2, 3, 5, 7(c), 7(d) and 7(f).

Administrative Appeals

12. In August 2004, plaintiff filed an administrative appeal of the FBI's response. The appeal was denied in a letter dated September 30, 2004 and signed by the Justice Department's Office of Information and Privacy. Exhibit A

13. In September 2004, plaintiff filed an administrative appeal of the DOJ criminal division's response. The appeal was denied in a letter dated December 21, 2004 and signed by the Justice Department's Office of Information and Privacy. Exhibit B.

14. Around March 1, 2005, plaintiff filed an administrative appeal of the redactions in the documents produced by the Executive Office of United States Attorneys. The appeal was denied in a letter dated September 6, 2005. The letter, signed by the Justice Department's Office of Information and Privacy, also denied plaintiff's request for a Vaughn Index. Exhibit C.

Subpoena

15. In April 2006, during discovery in the pending civil case, plaintiff issued a subpoena for documents and testimony to the U.S. attorney's office. The U.S. attorney's moved to quash.

16. On October 17, 2006, the U.S. District Court quashed the subpoena for lack of jurisdiction, stating that litigants must proceed under APA when an agency has valid *Touhy* regulations, as the Department of Justice and its component, the U.S. attorney's office, have. See *United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Exhibit D.

### Exhaustion of Administrative Remedies

17. Plaintiff has exhausted her administrative remedies as shown in 12-16 above.

18. Therefore, plaintiff now files the instant action under the APA and FOIA.

### Causes of Action

19. Refusal to comply with the subpoena was arbitrary and capricious in violation of APA. *Treux v. Allstate Insurance Co.*, 233 F.R.D. 188 at 191.

20. Withholding records from plaintiff's FOIA and Privacy Act requests was without justification and arbitrary and capricious in violation of the FOIA and APA.

21. Although the withholding agency bears the burden of justifying its decision. (*King v. U.S. Department of Justice*, 830 F.2d 210, 217 (D.C. Cir 1987)), plaintiff was not provided with the information required to evaluate the validity of the exemptions. No Vaughn Index or affidavit describing redacted documents was provided.

### Relief Requested

Wherefore, plaintiff requests that this Court:

1. Declare that defendants' refusal to disclose the records requested is unlawful.

2. Declare that defendants' refusal to comply with the subpoena for documents and testimony was arbitrary and capricious.

3. Order the defendants to produce the requested documents and comply with the subpoena.

4. Produce a detailed Vaughn index for any documents withheld under any claim of privilege.

5. Require expedited handling of this complaint due to the pending civil case.

6. Award costs and reasonable fees as provided by 5 U.S.C. §552(a)(4)(E).

7. Grant such other and further relief as the Court may deem just and proper.

I affirm under penalties of perjury that the information in this complaint is true and accurate to the best of my knowledge.

Respectfully submitted,

*Maureen Santini*

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

November 16, 2006



U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642          Washington, D.C. 20530

SEP 3 0 2004

Ms. Maureen Santini          Re:  Appeal No. 04-2664
4811 Bayard Boulevard             Request No. 999386
Bethesda, MD  20815               RLH:ADW:ALB

Dear Ms. Santini:

   You appealed from the action of the Headquarters Office of the Federal Bureau of Investigation on your request for access to records concerning you and various third parties.

   After carefully considering your appeal, I have decided to affirm the FBI's action on your request.

   The FBI informed you that it could locate no records responsive to your request for records concerning you. It has been determined that the FBI's response is correct. The FBI searched its automated indices for main files and cross-references responsive to your request, but it did not locate any records at its Headquarters Office or its Boston or Milwaukee Field Offices.

   Regarding the portion of your request for records about other individuals, it is the Department of Justice's policy to neither confirm nor deny the existence of law enforcement records concerning third parties. Without an individual's consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records about an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)(C).

   If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

06 1970

FILED

NOV 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642          Washington, D.C. 20530

DEC 2 1 2004

Ms. Maureen Santini            Re:  Appeal No. 05-0044
4811 Bayard Boulevard               Request No. CRM200400915F
Bethesda, MD 20816                  RLH:JHA

Dear Ms. Santini:

You appealed from the action of the Criminal Division on your request for access to records concerning court cases naming you and/or Robert Wrzosek as parties.

After carefully considering your appeal, I have decided to affirm the Criminal Division's action on your request.

The Criminal Division informed you that it could locate no records responsive to your request. It has been determined that the Criminal Division's response is correct.

If you are dissatisfied with my action on this appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

06 1970

FILED

NOV 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642          Washington, D.C. 20530

SEP 0 6 2005

Ms. Maureen Santini            Re:  Appeal No. 05-1335
4811 Bayard Boulevard               Request No. 04-3900
Bethesda, MD  20816-1763            RLH:NSQ:ALB

Dear Ms. Santini:

You appealed from the action of the Executive Office for United States Attorneys on your request for access to records concerning you.

After carefully considering your appeal, I have decided to affirm the EOUSA's action on your request.

The records you requested are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.81 (2004).  Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to the records requested.

The EOUSA properly withheld from you certain information that is protected from disclosure under the FOIA pursuant to:

> 5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal agency practices;
>
> 5 U.S.C. § 552(b)(3), which concerns matters specifically exempted from release by statute (in this instance, Rule 6(e) of the Federal Rules of Criminal Procedure, which pertains to the secrecy of grand jury proceedings);
>
> 5 U.S.C. § 552(b)(5), which concerns certain inter- and intra-agency communications protected by the attorney work-product privilege;
>
> 5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties;

06 1979

**FILED**

NOV 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-2-

5 U.S.C. § 552(b)(7)(D), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources; and

5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to endanger the life or personal safety of an individual.

I have also determined that this information is not appropriate for discretionary release.

Regarding your inquiry concerning two felony charges, please note that the FOIA does not require federal agencies to answer questions in response to a FOIA request or appeal, but rather is limited to requiring agencies to provide access to reasonably described, nonexempt records. NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 162 (1975); Zemansky v. EPA, 767 F.2d 569, 574 (9th Cir. 1985).

Lastly, I am denying your request that we itemize and justify each item of the information withheld. You are not entitled to such a listing at the administrative stage of processing FOIA requests and appeals. See Judicial Watch v. Clinton, 880 F. Supp. 1, 10 (D.D.C. 1995).

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUREEN SANTINI,            )
                            )
            Plaintiff,      )
                            )
      v.                    )      Civil Action No. 06-MS-179 (RMC)
                            )
ANTHONY HERMAN, et al.,     )
                            )
            Defendants.     )
_____)

ORDER

Maureen Santini sued Anthony Herman and Daniel G. Grove in the Superior Court of the District of Columbia concerning their legal representation in connection with a criminal prosecution of Ms. Santini in Case No. F-7642-00 in Superior Court. On or about April 17, 2006, acting *pro se*, Ms. Santini sent a subpoena to the "US Atty's Office Superior Court Divis" to produce and permit inspection and copying of certain documents concerning the criminal prosecution.[1] The United States Attorney for the District of Columbia removed to this Court on April 26, 2006,[2] and requests that the Court quash the subpoena.

Neither the Superior Court nor this Court has jurisdiction to enforce a Superior Court subpoena when the party seeking enforcement has failed to comply with an agency's *Touhy*

---

[1] In later pleadings, Ms. Santini also indicated that she seeks a deposition. See Pl.'s Mot. to Compel [Dkt. #3] at 6.

[2] The U.S. Attorney removed this case pursuant to *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 412-415 (D.C. Cir. 1995) (removal jurisdiction exists under 28 U.S.C. sections 1442(a) where a federal official declines to comply with a subpoena).

06 1970

FILED

NOV 17 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

regulations. *See United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (agency heads may withdraw from agency employees the power to release government documents). In state court, sovereign immunity shields the federal government, thereby preventing the state court from enforcing a subpoena. *Houston Business Journal v. OCC*, 86 F.3d 1208, 1211 (D.C. Cir. 1996). Further, "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." *Id.* at 1212. Moreover, a court cannot enforce a subpoena against a federal agency employee when the agency has enacted valid *Touhy* regulations. *Id.* (citing *Touhy*, 340 U.S. at 467-69). When an agency has enacted *Touhy* regulations, the litigant must proceed under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA"), and the federal court will review any agency decision not to permit its employee to testify under an arbitrary and capricious standard. *Houston Business Journal*, 86 F.3d at 1212 n.4; *accord Ho v. United States*, 374 F. Supp. 2d 82, 83 (D.D.C. 2005), *appeal dismissed*, No. 05-5319, 2006 WL 1675318 (D.C. Cir. June 12, 2006). Whether a plaintiff seeks testimony or the production of documents from an agency, she must comply with the agency's *Touhy* regulations. *Yousuf v. Samantar*, No. 05-ms-110, 2005 WL 1523385, * 5 n.9 (D.D.C. May 3, 2005), *rev'd and remanded on other grounds*, 451 F.3d 248 (D.C. Cir. 2006).

The Department of Justice, of which the U.S. Attorney's Office is a constituent part, has published *Touhy* regulations at 28 C.F.R. §§ 16. 21 *et seq*. Thus, Ms. Santini must proceed under the APA and the court will review any agency decision not to permit employee testimony under the arbitrary and capricious standard. Further, Ms. Santini may seek government documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Instructed by the motion to quash her subpoena, Ms. Santini attempts to cure any

defects in her pleadings by filing a Motion to Compel Production of Documents, in asserted reliance on the APA, and a Response to Motion to Quash Subpoena framed as an appeal of the denial of her request for the same documents under FOIA and the Privacy Act, 5 U.S.C. § 552(a). The Court is unable to oblige. This matter was not initiated by a complaint which could be amended to advance new or different causes of action. Like other federal litigation, review of a FOIA case requires in the first instance that a complaint be filed. 5 U.S.C. § 552(a)(4)(B). Ms. Santini has not filed a complaint under either FOIA, the Privacy Act, or the APA, and she cannot bootstrap such a lawsuit into this proceeding.

Although Ms. Santini is representing herself and is entitled to some leeway as a *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), she must nonetheless comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (even *pro se* litigants must comply with the Federal Rules of Civil Procedure); *see* Fed. R. Civ. P. 8(a) (complaint must set forth short and plain statement of jurisdiction, grounds for relief, and demand for judgment). Should she wish to litigate her rights to the documents and/or testimony she mentions, she must follow the procedures of the DOJ's *Touhy* regulations and the FOIA and file a proper complaint.

This Court is without jurisdiction to enforce a Superior Court subpoena against the federal government. It is also without jurisdiction to consider Ms. Santini's allegations under FOIA or the APA. Ms. Santini must file a complaint after exhaustion of her administrative remedies if she wishes to pursue those allegations.

Accordingly, it is hereby **ORDERED** that the U.S. Attorney's motion to quash [Dkt. #2] is **GRANTED**; and it is

**FURTHER ORDERED** that Ms. Santini's motion to compel production of documents [Dkt. #3] is **DENIED**. This case is closed.

**SO ORDERED.**

DATE: October 17, 2006

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

-4-

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Maureen Santini

88888

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Montgomery
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

## DEFENDANTS

Jeffrey A. Taylor, et. al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___D.C.___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION

CASE NUMBER 1:06CV01970

JUDGE: Gladys Kessler

DECK TYPE: Administrative Agency Review

DATE STAMP: 11/17/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY!)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ◉ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff))
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.) 5 USC 701-706
Administrative Procedure Act and FOIA and Privacy Act complaint for injunctive and other appropriate relief including production of documents

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY** N.O.  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE November 17, 2006   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.