UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**FILED UNDER SEAL PENDING OUTCOME OF THE MOTION**

|  |  |  |  |
|---|---|---|---|
| MAUREEN SANTINI | ) | | *1970* |
| Plaintiff | ) | Case No. | 1:06CV0190 |
| v. | ) | Judge: | Gladys Kessler |
| | ) | Deck Type: | Administrative |
| JEFFREY A. TAYLOR, et. al. | ) | | Agency Review |
| Defendants | ) | | |

**MOTION TO EXPEDITE AND TO FILE DOCUMENTS UNDER SEAL**

Pursuant to U.S. Dist. Ct. D.D.C., Civ. R. 5.1(j)(1) plaintiff moves the Court to file documents under seal retroactively, to order parties to file future documents under seal, and to withdraw documents filed in the predecessor removal matter referred to below. Plaintiff also moves to expedite consideration of this matter.

Because this motion was filed before completion of serving the complaint on the defendants, plaintiff was unable to ascertain whether they consent to the relief requested.

Respectfully submitted,

*Maureen Santini*

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

November 22, 2006

**RECEIVED**

NOV 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**FILED UNDER SEAL PENDING OUTCOME OF THE MOTION**

| | | | |
|---|---|---|---|
| MAUREEN SANTINI | ) | | |
| Plaintiff | ) | Case No. | 1:06CV0190 |
| v. | ) | Judge: | Gladys Kessler |
| | ) | Deck Type: | Administrative |
| JEFFREY A. TAYLOR, et. al. | ) | | Agency Review |
| Defendants | ) | | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXPEDITE AND TO FILE DOCUMENTS UNDER SEAL

#### I. Background

In 2003 plaintiff filed a breach of contract and negligence case in D.C. Superior Court, *Santini v. Herman and Grove,* against two attorneys who represented her in civil and criminal cases in 2000-2001. In an attempt to discover the factual background pertaining to the 2000-2001 events, plaintiff requested documents under the Freedom of Information Act and Privacy Act and issued a subpoena for documents and testimony to the U.S. attorney in April 2006.

The U.S. attorney removed the subpoena to U.S. District Court and moved to quash, citing lack of jurisdiction and other issues. The Court quashed the subpoena, also citing lack of jurisdiction. (Pl. Complaint, Exhibit D, Court order of October 17, 2006).

To correct the jurisdictional deficiency, plaintiff filed the instant case under the Administrative Procedure Act (APA) on November 17, 2006. Thus, the instant case is part of discovery in the D.C. Superior Court case.

2

**FILED UNDER SEAL PENDING OUTCOME OF THE MOTION**

### II. Explanation of Relief Requested

#### A. Withdrawal of the documents and exhibits in Misc. No. 06-179 RMC.

Plaintiff requests that she be permitted to withdraw the documents and exhibits she filed in the removal matter pertaining to the U.S. attorney's motion to quash and plaintiff's cross-motion to compel. She also asks that Court orders be sealed.

These documents and exhibits were provided as background for the Court. Since they are not judicial records, they should not be subject to the presumptive right of public access to court records.

Since the Court indicated the subpoena was quashed based on lack of jurisdiction, the documents and exhibits submitted by plaintiff shed no light on the Court's deliberative process. At that same time, they contain highly confidential information that could be a great invasion of privacy if further disseminated.

#### B. Sealing of the Instant Case

For the same reasons identified above – that the instant case is based on a discovery request and is therefore not considered a public record – plaintiff seeks retroactive sealing of the complaint and exhibits in the instant case and an order requiring parties to file future documents and exhibits under seal. Although plaintiff should have filed the complaint under seal initially, the error is easily corrected by giving defendants revised copies of the complaint and exhibits, indicating they were filed under seal pending a ruling on the instant motion. Exhibit A. *Cobell v Norton 355 F. Supp. 2d 531, *; 2005 U.S. Dist. LEXIS 1616, ** at 3.*

3

**FILED UNDER SEAL PENDING OUTCOME OF THE MOTION**

(Plaintiff will provide the parties in *Santini v. Herman and Grove* with copies of sealed documents and exhibits if they agree to keep them confidential.)

### C. Expedited handling of the instant complaint

Due to the late stage of the D.C. Superior Court case, plaintiff seeks expedited scheduling of the instant case and requests that defendants answer the complaint within 10 days from the date of the Court's order regarding this motion.

### III. Legal Standard

U.S. Dist. Ct. D.D.C., Civ. R. 5.1(j)(1) allows a party to move for an order allowing documents to be filed under seal. Such documents will be treated as sealed pending the outcome of the ruling on the motion. LCvR 5.1(j)(1)

This information should be exempt from public disclosure because the presumptive right of access to court records does not apply to discovery-related matters, including evidence submitted with discovery-related motions. *Mokhiber v. Davis* 537 A.2d 1100 at 1111, citing *Seattle Times Co. v. Rhinehart*, 467 U.S. at 33, 104 S.Ct. at 2208.

"…[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

District courts have broad latitude to prevent disclosure of many types of confidential information, including discovery information. Rule 26(c) authorizes "any

**FILED UNDER SEAL PENDING OUTCOME OF THE MOTION**

order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden."

### IV. Good Cause for Sealing

Good cause exists for sealing the instant case, allowing plaintiff to withdraw the documents and exhibits she filed in Misc. No. 06-179 RMC, and for sealing the Court orders in that matter.

### A. The case is subject to a Court-imposed confidentiality order.

The law of the case argues for sealing because D.C. Superior Court Judge Patricia Broderick imposed a detailed confidentiality order on all parties. (Exhibit C).  The confidentiality order pertains to many categories of information, the majority of which was obtained through discovery.

Plaintiff requests that the confidentiality order be extended to the instant case.

Particularly since discovery information is not considered part of the public record, and because the documents sought are sensitive and proprietary in nature, airing this matter on the public record would be an invasion of privacy and undermine the purpose of the confidentiality order.

### B. There is no presumptive right of access to discovery information and even litigants have a right to be protected from undue invasions of privacy.

Plaintiff's subpoena to the U.S. attorney and his motion to quash are analogous to *United States v. Hani El-Sayegh* 327 U.S. App. D.C. 308; 131 F.3d 158. "Because no right of access exists, we find that it was error for the district court to deny defendant's

**FILED UNDER SEAL PENDING OUTCOME OF THE MOTION**

motion to withdraw the plea agreement from the court's docket once the intended plea fell through" at 3.

"We thus hold that what makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process," at 15. "This document has played no role in any adjudicatory function..." at 16. The same is true of the documents and exhibits filed in the Misc. No. 06-179 RMC and the instant case.

The Court concluded: "With the collapse of the agreement and the dismissal of the indictment, the motion to seal is obviously moot; the motion to withdraw it and its accompanying exhibit should have been granted."

Another analogous case is *United States v. Hubbard* 208 U.S. App. D.C. 399; 650 F.2d 293 which ruled that the seal on documents should not have been lifted because of their tangential nature.

"It must be remembered that the documents here were not determined by the trial judge to be relevant to the crimes charged; they were not used in the subsequent 'trial;' nor were they described or even expressly relied upon by the trial judge in his decision on the suppression motion," at 74.

"Because we conceive of the interests asserted as a continuum which can be further invaded with each passing day by a single and unchanging encroachment, we do not think the case has become moot," at 66 (citations omitted.).

### C. Plaintiff is subject to a restrictive settlement agreement.

In 2001 plaintiff entered into a settlement agreement with the underlying complainant that prohibits investigating the underlying cases. (Exhibit B at 1, No. 2 ii

6

**FILED UNDER SEAL PENDING OUTCOME OF THE MOTION**

and iii). Seeking documents and testimony from the U.S. attorney's office would almost

certainly fall under that prohibition.

The terms and perpetual nature of the settlement agreement is one of the issues in

the D.C. Superior Court case. Although plaintiff has no choice but to conduct due

diligence to prepare for trial, she prefers to avoid unnecessarily inciting further litigation,

particularly since the underlying civil case has been sealed since 2001.

The consensus of cases is that public access to judicial documents is based on the

right to monitor the performance of the courts and that there is no right to obtain private

information about private litigants.

**D. The information sought may be confidential and sensitive.**

Plaintiff received several pages of documents under the Freedom of Information

and Privacy Acts but 30 pages were withheld based on several exemptions, one of which

indicated release would disclose confidential sources.

Since the allegations lodged by the complainant were uncorroborated, the

suggestion of the involvement of an undisclosed confidential source sheds new light on

plaintiff's arrest and prosecution. Although plaintiff has no choice but to seek the records

at issue, she prefers to avoid drawing unnecessary attention to police sources and expects

a sealing order to accomplish that. The information contained in the confidential

documents is confidential and apparently unknown to the public.

**Conclusion**

The totality of circumstances argue for sealing the instant case, withdrawing

documents in the Miscellaneous case, sealing the Court order in that case, and imposing

7

**FILED UNDER SEAL PENDING OUTCOME OF THE MOTION**

the confidentiality order on the parties to the instant case. Doing so will protect the

interests of all concerned – plaintiff, the complainant, and the U.S. attorney's office.

Respectfully submitted,

*Maureen Santini*

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

November 22, 2006

**FILED UNDER SEAL PENDING OUTCOME OF THE MOTION**

# Exhibit A – Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**FILED UNDER SEAL PENDING OUTCOME OF MOTION TO SEAL**

| | | |
|---|---|---|
| MAUREEN SANTINI<br>5810 Ipswich Road<br>Bethesda, MD 20814<br>301.530.0101<br>      Plaintiff<br>    v.<br><br>JEFFREY A. TAYLOR, in his official<br>capacity as United States attorney<br>555 4th Street N.W.<br>Washington, D.C. 20530<br><br>    and<br><br>DANIEL J. METCALF, in his official<br>capacity as director of the Justice<br>Department's Office of Information and<br>Privacy<br>Suite 11050<br>1425 New York Avenue<br>Washington DC 20530-0001<br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br><br>Case No. 1:06CV01970<br><br>Judge: Gladys Kessler<br>Deck Type: Administrative<br>    Agency Review |

## COMPLAINT

1. This is an action under the Freedom of Information Act (FOIA) 5 U.S.C. §552, and the Administrative Procedure Act (APA), 5 U.S.C. § 701-706 for injunctive and other appropriate relief and seeks expedited release of requested agency records and expedited compliance with plaintiff's subpoena.

### Jurisdiction

2. This Court has jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552 (a)(4)(B) and 552 (a)(6)(E)(iii). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.

**FILED UNDER SEAL PENDING OUTCOME OF MOTION TO SEAL**

**Parties**

3.  Plaintiff is an adult citizen of Maryland and resides in Bethesda.

4.  The U.S. attorney's office and the Justice Department's Office of Information and Privacy are organized under the laws of the United States Code and are subject to suit under APA and FOIA.

5.  Defendant Taylor is the U.S. attorney for the District of Columbia and is sued in his official capacity.

6.  Defendant Metcalf is director of the Justice Department's Office of Information and Privacy and is sued in his official capacity.

**Statement of Facts**

7.  Plaintiff was arrested on two charges of felony threats on December 15, 2000. The U.S. attorney's office dropped both within a month and substituted a single misdemeanor, which was later dismissed.

8.  In 2003 plaintiff filed suit against the attorneys who represented her in 2000-2001. The suit is pending in D.C. Superior Court.

<u>FOIA and Privacy Act Requests</u>

9.  In 2004-2005 plaintiff sought information about her arrest and prosecution under the FOIA and Privacy Act.

10.  In a letter dated June 30, 2004, the Justice Department civil division said it found no records pertaining to plaintiff. In a letter dated August 31, 2004, the DOJ criminal division said it found no records. In a letter dated June 10, 2004, the FBI said it found no records.

**FILED UNDER SEAL PENDING OUTCOME OF MOTION TO SEAL**

11. Around February 28, 2005, plaintiff received several pages of records from the Executive Office of United States Attorneys. Thirty pages were redacted based on claimed exemptions 2, 3, 5, 7(c), 7(d) and 7(f).

Administrative Appeals

12. In August 2004, plaintiff filed an administrative appeal of the FBI's response. The appeal was denied in a letter dated September 30, 2004 and signed by the Justice Department's Office of Information and Privacy. Exhibit A

13. In September 2004, plaintiff filed an administrative appeal of the DOJ criminal division's response. The appeal was denied in a letter dated December 21, 2004 and signed by the Justice Department's Office of Information and Privacy. Exhibit B.

14. Around March 1, 2005, plaintiff filed an administrative appeal of the redactions in the documents produced by the Executive Office of United States Attorneys. The appeal was denied in a letter dated September 6, 2005. The letter, signed by the Justice Department's Office of Information and Privacy, also denied plaintiff's request for a Vaughn Index. Exhibit C.

Subpoena

15. In April 2006, during discovery in the pending civil case, plaintiff issued a subpoena for documents and testimony to the U.S. attorney's office. The U.S. attorney's moved to quash.

16. On October 17, 2006, the U.S. District Court quashed the subpoena for lack of jurisdiction, stating that litigants must proceed under APA when an agency has valid

**FILED UNDER SEAL PENDING OUTCOME OF MOTION TO SEAL**

*Touhy* regulations, as the Department of Justice and its component, the U.S. attorney's

office, have. See *United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Exhibit D.

### Exhaustion of Administrative Remedies

17. Plaintiff has exhausted her administrative remedies as shown in 12-16 above.

18. Therefore, plaintiff now files the instant action under the APA and FOIA.

### Causes of Action

19. Refusal to comply with the subpoena was arbitrary and capricious in violation

of APA. *Treux v. Allstate Insurance Co.*, 233 F.R.D. 188 at 191.

20. Withholding records from plaintiff's FOIA and Privacy Act requests was

without justification and arbitrary and capricious in violation of the FOIA and APA.

21. Although the withholding agency bears the burden of justifying its decision.

(*King v. U.S. Department of Justice*, 830 F.2d 210, 217 (D.C. Cir 1987)), plaintiff was

not provided with the information required to evaluate the validity of the exemptions. No

Vaughn Index or affidavit describing redacted documents was provided.

### Relief Requested

Wherefore, plaintiff requests that this Court:

1. Declare that defendants' refusal to disclose the records requested is unlawful.

2. Declare that defendants' refusal to comply with the subpoena for documents

and testimony was arbitrary and capricious.

3. Order the defendants to produce the requested documents and comply with the

subpoena.

4

**FILED UNDER SEAL PENDING OUTCOME OF MOTION TO SEAL**

4. Produce a detailed Vaughn index for any documents withheld under any claim of privilege.

5. Require expedited handling of this complaint due to the pending civil case.

6. Award costs and reasonable fees as provided by 5 U.S.C. §552(a)(4)(E).

7. Grant such other and further relief as the Court may deem just and proper.


I affirm under penalties of perjury that the information in this complaint is true and accurate to the best of my knowledge.


Respectfully submitted,


*Maureen Santini*

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

November 17, 2006

5

**FILED UNDER SEAL PENDING OUTCOME OF THE MOTION**

# Exhibit B – Private Agreement

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("the Agreement" or "this Agreement") is made and entered into as of January ___25___, 2001, between ROBERT WRZOSEK ("Wrzosek") and MAUREEN SANTINI ("Santini"). This Agreement sets forth the entire agreement between Wrzosek and Santini

WHEREAS, Wrzosek filed a civil lawsuit against Santini in District of Columbia Superior Court (Civil No. 6649-00) and Wrzosek and Santini wish to resolve all disputes and claims between them.

The parties agree as follows:

1.  **Payment for Attorneys' Fee.** Upon execution of this agreement, Santini will make a lump-sum payment to the law firm of Coburn & Schertler in the amount of $6,000.00, in the form of a cashier's check or certified check, in consideration of legal fees.

2.  **Stay-Away Order.** Santini agrees:

    (I) to stay away from Wrzosek, in that she will not knowingly come within 150 yards of Wrzosek, his apartment or his place of employment;

    (ii) not to contact, watch, follow, investigate, or communicate with, or attempt to contact, watch, follow, investigate, or communicate with, Wrzosek by any means or medium, whether in person, verbally, non-verbally, by telephone, mail, fax, email, in writing or via any other method or medium;

    (iii) not to cause any third person to contact, watch, follow, investigate, communicate with, or attempt to contact or communicate with, Wrzosek on her behalf or at her direction; and

    (iv) to terminate her membership at Gold's Gym and not join any other health club at which Wrzosek is a member.

3.  **Remedies upon Default.** Except as limited by this Agreement, any party may avail itself of any other rights and remedies provided for by statute or by law upon default or breach of this Agreement. Should it be necessary to resort to legal remedies to enforce the provisions of this Agreement, the losing party agrees to pay the reasonably attorneys fees and costs of the prevailing party.

4.  **Mutual Releases.** This Agreement is a full and mutual settlement and release of any and all claims and causes of action accruing up to the date of execution of this settlement between Wrzosek and Santini.

5.  **Dismissal of Litigation.** Upon execution of this Agreement, Wrzosek shall cause the civil action in District of Columbia Superior Court (Civil Action No. 6649-00) to be dismissed with prejudice.

6.  **Motion to Seal.** Wrzosek agrees that he will join Santini in a Motion to Seal these proceedings.

7.  **Assumption of Risk of Mistakes of Fact.** Each party expressly assumes the risk of any mistake of fact in connection with the controversies compromised herein or with regard to any facts relating thereto which are now unknown.

8.  **Notices.** All notices or other communications required or permitted to be given pursuant to the provisions of this Agreement shall be in writing and shall be considered as properly given when received if mailed by first class United States mail, postage prepaid, registered or certified with return receipt requested, or by delivery of same in person to the intended addressee, or by prepaid telegram, telex or telecopy. Notice shall be effective only if and when received by the addressee.

9.  **Governing Law.** This Agreement shall be construed and interpreted in accordance with, and shall be governed by, the laws of the District of Columbia.

10. **Entire Agreement.** This Agreement shall constitute the entire understanding and agreement of the parties with respect to its subject matter, and no representation, understanding, promise or condition concerning the subject matter of this Agreement shall be binding upon any party to it unless expressed in this Agreement.

**IN WITNESS WHEREOF,** the Parties have set their hands and seals to this Settlement Agreement as of the day and year first above written.

ATTEST:

BY: _____          _____ 1-25-00
Robert Wrzosek                          Witness

BY: _____          _____
Maureen Santini                         Witness          1-29-01

2

**FILED UNDER SEAL PENDING OUTCOME OF THE MOTION**

# Exhibit C – Confidentiality Order

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MAUREEN SANTINI,                    :

       Plaintiff,                   :          Case No.: 03ca7616
                         :          Judge Broderick
v.                                  :          Calendar 10
                         :
ANTHONY HERMAN, *et al.*,           :
                         :
       Defendants.                  :

## ORDER REGARDING THE DISCLOSURE OF CONFIDENTIAL INFORMATION

IT IS HEREBY ORDERED as follows:

    1.  All documents, testimony, interrogatory responses and other information provided in discovery (collectively, "Discovery Material") by the parties to this action or by any non-party subject to discovery in this action (each a "Producing Person") shall be handled in accordance with this Order Regarding the Disclosure of Confidential Information ("Protective Order").

    2.  Any Producing Person may designate as confidential any Discovery Material which that Producing Person considers in good faith to contain information involving commercial or business information, financial information, employment records, medical information or other information subject to protection under Superior Court Civil Procedure Rule 26.

    3.  All documents and testimony from Baiba Kelly, Tara Marie Linne, Ellen Minerva, and Lisa Van Susteren that refer to, relate to or constitute Ms. Santini's medical information, including but not limited to symptoms, treatment, and records, are designated as confidential under this protective order.

    4.  Ms. Santini's log/journal, including tax returns and Social Security statement, trade secret material, and all derivative material prepared by defendants or their agents based on

MAILED From Chambers  DEC 2 1 2005

DOCKETED In Chambers  DEC 2 1 2005



any of Ms. Santini's private and confidential information is designated as confidential under this protective order.

5. Documents (including as defined in Rule 34 of the Superior Court Civil Procedure Rules) produced in this action may be designated confidential by stamping the legend "CONFIDENTIAL" on each page so designated; or by separate written notification of such designation within twenty (20) days after production. All documents produced shall be treated as confidential during that initial twenty (20) day period. As to Documents produced prior to the date of the protective order, each party has twenty (20) days from the date of the protective order to provide written notification designating as confidential any documents previously produced, except for the documents identified in Paragraphs 3 and 4.

6. To the extent that a Producing Person believes only a portion of a document contains confidential material, the initial page shall be stamped "Confidential Within" and only the specific pages that the Producing Person believes should be considered confidential shall be so stamped.

7. Any oral testimony, including any transcript or video tape of such testimony, given by or on behalf of a party or non-party, may be designated confidential by any party or non-party by so designating either (i) on the record at the time of the testimony or (ii) by separate written notification within twenty (20) days after receipt by the Producing Person of the transcript of the testimony. All testimony and transcripts shall be treated as confidential until the expiration of that twenty (20) day period. If confidential treatment is requested on the record, the court reporter shall mark the page of the transcripts containing the designated testimony with the designation "CONFIDENTIAL" as appropriate.

8. Interrogatory responses may be designated as confidential by so indicating in the response.

9. Discovery Material designated as confidential, including any document or database quoting or summarizing, such information or materials, is hereinafter referred to as "Confidential Information."

10. Each person to whom any Confidential Information is to be disclosed pursuant to paragraph 9 (except the Court, court personnel, and non-employee clerical support personnel, such as outside copy services, couriers, and court reporters) shall be provided with a copy of this Protective Order prior to such disclosure.

Confidential information may be disclosed to individuals authorized by the Court. Confidential information shall not be disclosed to couriers, outside copy services or non-employee clerical support personnel. In the event any confidential information is mailed, Fed-Exed or delivered by courier, it shall be prepared in a secure fashion, such as in a sealed envelope inside of a sealed envelope.

11. Confidential Information shall be used only for purposes of this action.

12. Except as provided herein, Confidential Information may be disclosed only to:

    a)    the Court; the Court's law clerk;

    b)    court personnel, including stenographic reporters and jurors;

    No confidential information shall be shown to, presented to, referred to or discussed with mock jurors, potential jurors, focus groups, moot courts or any person who has not received specific court authorization.

    c)    the parties' attorneys, including in-house counsel, and paralegals, clerical, or support personnel employed or retained by such attorneys;

    d)    the named parties to this action;

    e)    any author, recipient, or Producing Person of the Confidential Information;

    f)    any actual deposition witnesses in this action during the course of such witnesses' testimony;

g)    any potential deposition witness in this action; provided, however, that any such potential witness who is not a named party in this action shall first execute a pledge of confidentiality in the form attached hereto as Exhibit A; and

h)    any expert or consultant assisting a party's counsel in connection with this litigation, whether or not retained to testify at trial, to the extent deemed necessary in good faith by such counsel to enable the expert or consultant to provide such assistance; provided that the expert or consultant shall first execute a pledge of confidentiality in the form attached hereto as Exhibit A.

13. No Confidential Information shall be disclosed to any person who, if required by paragraph 9 to sign a pledge of confidentiality attached hereto as Exhibit A, does not first sign such pledge. All signed pledges shall be maintained by counsel for the party making the disclosure and shall be produced if required by the Court for the purpose of determining whether a breach of this Protective Order has occurred.

14. Defendants are to store Ms. Santini's log/journal in a locked room or locked drawer when not being used.

15. If a party objects to the designation of any Discovery Material as Confidential Information, the objecting party shall state that objection in writing to the Producing Person by identifying each document and providing a brief statement of the reason or reasons the objecting party believes that document does not constitute Confidential Information. Within five (5) days after such notice is delivered, the objecting party and the Producing Person shall confer in good faith and attempt to resolve the dispute, if the dispute is not resolved, the Producing Person within twenty (20) days of written notice of the objection may apply to the Court for a ruling that the specified Discovery Material shall be treated as Confidential Information, giving notice to the other parties. If the Producing Person so moves within twenty (20) days, then until the Court enters an order changing the designation, or until the parties and the Producing Person agree otherwise, the Discovery Material shall be treated as Confidential Information. No party, by treating designated

-4-

material as Confidential Information in accordance with this Protective Order, shall be deemed to have conceded that the material actually is Confidential.

16. Information obtained from a source other than Discovery Material shall not be deemed Confidential Information, regardless of whether such information is also contained in Discovery Material that is designated Confidential. In addition, nothing contained herein shall be construed to limit any Producing Person from using its own Confidential Information in any manner that it may choose or from disclosing its own Confidential Information to any person or entity for any purpose. Any use or disclosure of Confidential Information, to the extent such use or disclosure is consistent with confidential treatment of the information, shall not be deemed a waiver of any right or protection granted by this Protective Order or of a designation of any Discovery Material as Confidential Information.

17. A Producing Person may designate Discovery Material produced prior to the execution of this Protective Order as Confidential at any time within thirty (30) days after that Producing Person receives a copy of this Protective Order executed by the undersigned counsel.

18. Nothing in this Protective Order shall prevent any party from producing any document or information in his or her possession to another person in response to a subpoena or other compulsory process; provided, however, that if such party receives a subpoena or other compulsory process seeking production or other disclosure of Confidential Information, that party shall give prompt written notice to counsel for the Producing Person, identifying the Confidential Information and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process. When possible, at least ten (10) days written notice before production or other disclosure shall be given. In no event shall production or other disclosure be made before reasonable notice is given.

19. Inadvertent failure to designate documents or other materials as "Confidential" at the time of production or within twenty (20) days after production shall not waive a Producing Person's right to later designate such documents or materials as Confidential Information. Within a reasonable time, the Producing Person shall give written notice to the receiving party that "Confidential" documents or information have been inadvertently produced or disclosed and request the appropriate designation. However, no party shall be deemed to have violated this Protective Order if, more than twenty (20) days after production, but prior to notification of any later designation, such document or material has been disclosed or used in a manner inconsistent with such later designation. Once such designation has been made, however, the relevant Discovery Material shall be treated as Confidential in accordance with this Protective Order.

20. Any person filing a pleading or other paper that contains Confidential Information (as defined in the parties' Protective Order) may file such pleading or paper under seal. Such pleadings and other papers shall be labeled "Confidential and Sealed — Subject to Court Order." The Clerk of the Court is directed to maintain such papers and pleadings under seal unless otherwise ordered by the Court. Within 10 days after a person files a pleading or other paper under seal, that person shall also file on the public record a version of the pleading or other paper from which the Confidential Information has been redacted.

21. This Protective Order shall not be deemed a waiver of: (i) any party's right to object to any discovery request on any ground; (ii) any party's right to seek an order compelling discovery with respect to any discovery request; (iii) any party's right, at any proceeding herein, to object to the admission of any evidence on any ground; and (iv) any other right, defense or objection that otherwise may be asserted in this action.

22. Any party who desires to use at trial all or any portion of Ms. Santini's log/journal and/or her medical information in his or her affirmative case must first notify the Court

-6-

of those portions that the party intends to use fourteen (14) days before trial. However, a party

retains the right to use at trial for impeachment purposes all or any portion of Ms. Santini's

log/journal or her medical information.

23. The terms of this Protective Order shall be binding on all parties to this action

and their counsel. Within ten (10) calendar days of the entry of an appearance by any new party in

this action, plaintiff's counsel shall serve a copy of this Protective Order on such new party's

counsel.

24. Any non-party producing documents or materials in connection with this action

may avail itself of the "Confidential" treatment provided for in this Protective Order for its

documents or materials by following the procedures provided herein. The parties to this action

may also designate information produced by non-parties as confidential.

25. Defendants must return the any and all copies of Plaintiff's journal to Plaintiff at

the termination of the instant proceeding.

SO ORDERED

Dated: December _13_, 2005

_Patricia A. Broderick_

Hon. Patricia A. Broderick

Judge, Superior Court of the District of Columbia

_Signed in Chambers_

Copies to be sent to:

Eric H. Holder, Jr., Esq.
William P. Skinner, Esq.
Seth A. Tucker, Esq.
Michael C. Boteler, Esq.
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Ms. Maureen Santini
4811 Bayard Blvd.
Bethesda, MD 20816

David N. Webster, Esq.
Caplin & Drysdale
One Thomas Circle, N.W.
Washington, DC 20005

-7-

**EXHIBIT A**

**PLEDGE OF CONFIDENTIALITY**

      The undersigned, _____, under penalty of perjury, hereby acknowledges that s/he received of the Order Regarding the Disclosure of Confidential Information in connection with an action captioned <u>Maureen Santini</u> v. <u>Anthony Herman & Daniel Grove</u>, Civil Action No. 03-CA-7616, and has read and fully understands his/her obligation to comply with the provisions of said Stipulation and agrees to comply with and to be bound by such provisions.


Dated:_____     _____
                                                  Signature

                                                  _____
                                              Name Printed or Typed

## CERTIFICATE OF SERVICE

I certify that I sent the foregoing motion to expedite and to file documents under

seal via first class mail on November 22, 2006 to:

Jeffrey A. Taylor
U.S. Attorney
555 4th Street NW
Washington DC 20530

Daniel J. Metcalf
Director, Office of Information and Privacy
Department of Justice
Suite 11050
1425 New York Avenue
Washington DC 20530

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

14