```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

MAUREEN SANTINI,                    )
                                    )
              Plaintiff,            )
     v.                             )   Civil Action No. 06-1970 GK
                                    )
JEFFREY A. TAYLOR, et al.,          )
                                    )
              Defendants.           )
                                    )

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO EXPEDITE AND TO FILE DOCUMENTS UNDER SEAL

The United States Attorney, through the undersigned counsel and on behalf of all defendants hereby opposes Plaintiff's "Motion To Expedite And To File Documents Under Seal."[1] In short, Plaintiff has not sufficiently satisfied her burden to warrant the sealing of these matters, and any request to seal the earlier Miscellaneous action (which Defendants have noted should be deemed a related case) should be filed in that Miscellaneous case. With respect to the request to expedite the consideration of this matter, Defendants would oppose any effort to shorten the time by which they must act to defend the case.[2]

---

[1] Plaintiff motion was docketed, but not available on the Court's electronic case file system. Counsel only received a copy from Plaintiff within the past two weeks.

[2] Plaintiff argues only that expedited action is warranted due to the "late stage of the D.C. Superior Court case. . ." Plaintiff's Motion at 4. Judging by the Civil Action Number, Plaintiff's civil action has been pending in the Superior Court since 2003. Plaintiff waited until April 2006 to issue subpoenas. See Misc. No. 06-179 RMC, Docket No. 1. The United States Attorney removed the subpoena matter to this Court on April 26, 2006, and at the same time, filed a motion to quash. Id. Plaintiff waited over two months to respond to the motion to

Department of Justice regulations generally call for the placement of information in litigation to be maintained on the public record. <u>See</u> 28 C.F.R. § 50.9; <u>see also</u> 28 C.F.R. § 23 (noting general policy against confidentiality in settlement agreements and consent decrees). Plaintiff argues, without providing specific details, that the documents she seeks to seal "contain highly confidential information that could be a great invasion of privacy if further disseminated." Plaintiff's Mem. at 3; <u>see also id</u>. at 7 ("The information sought <u>may</u> be confidential and sensitive.") (emphasis added).

In fact, the only specific thing that Plaintiff has identified as warranting a sealing order is her effort to investigate a matter that she agreed in an earlier settlement she would not investigate. <u>See</u> Plaintiff's Mem. at 6-7 ("In 2001 plaintiff entered into a settlement agreement with the underlying complainant that prohibits investigating the underlying cases. . . . . Seeking documents and testimony from the U.S. Attorney's office would almost certainly fall under that prohibition.")

---

quash. <u>See</u> Misc. No. 06-179 RMC, Docket No. 7. Defendants will need sufficient time to respond to the Complaint. Plaintiff does not provide a specific trial date or status of the Superior Court action, and has otherwise failed to explain why this case over the many other cases on the Court's docket must be resolved on an expedited basis. Indeed, the Assistant United States Attorney assigned primary responsibility in this matter has recently undertaken difficult cases from departing attorneys, and must devote his attention to these and numerous other cases assigned to him.

(citation omitted).  If Plaintiff is seeking to use this Court's sealing order to hide her breach of an earlier settlement agreement, the Court should not oblige any such effort to hide her wrongdoing.[3]

Insofar as Plaintiff seeks to retain exhibits of a personal nature under seal, Defendants are willing to carefully consider what documents are filed on the public record and may, if necessary, propose submission of withheld documents for in camera review, thereby maintaining the private or confidential nature of the information.  See Strang v. U.S. Arms Control and Disarmament Agency, 920 F.2d 30, 31 (D.C. Cir. 1990) (reiterating the Court's earlier assertion that under proper circumstances the government may submit extremely sensitive information for in camera review).

---

[3] Indeed, it appears from the language of Plaintiff's earlier agreement that the effort to keep material under seal in Superior Court were at Plaintiff's request, rather than the other litigant's.  See Plaintiff's Mem., Exhibit B, ¶ 6 (noting that it was Plaintiff's motion to seal at issue).

Wherefore, the Motion To Expedite And To File Documents Under should be denied.

                Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing opposition and a proposed order was made by mailing copies thereof to:

MAUREEN SANTINI
4811 Bayard Boulevard
Bethesda, MD  20816

on this 3rd day of January, 2007.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

MAUREEN SANTINI,                )
                                )
            Plaintiff,           )
    v.                           )   Civil Action No. 06-1970 GK
                                )
JEFFREY A. TAYLOR, et al.,      )
                                )
            Defendants.          )
                                )

<u>ORDER</u>

Upon consideration of the "Motion To Expedite And To File Documents Under Seal", for the reasons set forth in opposition to the motion, and upon consideration of the entire record herein, it is this _____ day of _____, 2007,

ORDERED that the "Motion To Expedite And To File Documents Under Seal" be and is hereby denied.

                                    _____
                                    UNITED STATES DISTRICT JUDGE

copies to:

W. MARK NEBEKER
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530

MAUREEN SANTINI
4811 Bayard Boulevard
Bethesda, MD  20816