UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAUREEN SANTINI ) | |
| Plaintiff ) | Civil Action 06-1970 GK |
| v. ) | |
| ) | Deck Type:  Administrative |
| JEFFREY A. TAYLOR, et. al. ) | Agency Review |
| Defendants ) | |

### REPLY TO OPPOSITION TO MOTION TO SEAL AND EXPEDITE

<u>U.S. Attorney's Opposition is Untimely</u>

After filing the instant motion on November 22, 2006, plaintiff sent a copy by certified mail to the U.S. attorney's office. The return receipt indicates the motion was served on November 24, 2006. Subsequently, plaintiff mailed a second copy to the U.S. attorney's office at his request.

The deadline for replying to plaintiff's motion was approximately December 12, 2006. The U.S. attorney neither responded by that date nor requested extra time. As of mid-December 2006, therefore, the motion was effectively conceded.

On January 3, 2007 – more than two weeks after the deadline – the U.S. attorney filed an opposition to the instant motion. Because it was sent to plaintiff's old address, she did not receive it until January 9, 2007.

Due to the lateness of the U.S. attorney's response, the instant motion should be treated as conceded and granted.

<u>Opposition Lacked Substantive Basis</u>

The U.S. attorney did not substantively address plaintiff's rationale, case precedent, or supporting exhibits. Nor did he provide substantive reasons for denial.



RECEIVED

JAN 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

This case is akin to the "catch 22" described in *Mokhiber v. Davis,* 537 A.2d 1100; 1988 D.C. App. LEXIS 19; 14 Media L. Rep. 2313. In cases where information sought to be protected is described or attached, "full disclosure of a discovery motion or exhibits submitted with it may defeat the purpose of that motion," at 47.

"In such a case, the state's interest in protecting a party or third person 'from annoyance, embarrassment, oppression or undue burden or expense'…may constitute an interest sufficient to justify not only granting the protective order but also sealing the motion seeking the order (or opposing it) and any supporting documents."

The U.S. Court of Appeals for the District of Columbia Circuit stated in *United States v. Hubbard* 208 U.S. App. D.C. 399; 650 F.2d 293, *; 1980 U.S. App. LEXIS 15445, that private information that is publicly accessible amounts to a "continuum which can be further invaded with each passing day by a single and unchanging encroachment…"

"It must be remembered that the documents here were not determined by the trial judge to be relevant to the crimes charged; they were not used in the subsequent 'trial;' nor were they described or even expressly relied upon by the trial judge…," the Hubbard Court said at 74.

In *United States v. Hani El-Sayegh* 327 U.S. App. D.C. 308; 131 F.3d 158, the Court found no public right of access to terms of a plea agreement that fell through and said it should have been withdrawn from the public record because, "This document has played no role in any adjudicatory function…" at 16.

Conclusion

Plaintiff moves the Court to grant the motion because the totality of circumstances explained in her motion and the instant reply provide good cause.

Plaintiff affirms under penalty of perjury that the information in the instant reply is true and correct to the best of her knowledge.

Respectfully submitted,

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

January 13, 2007

3

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of plaintiff's *reply to the U.S. attorney's opposition to plaintiff's motion to seal* on January 13, 2007 to:

W. Mark Nebeker
Assistant U.S. attorney
Civil Division
555 4th Street NW
Washington DC 20530

*Maureen Santini* (signature)
Maureen Santini
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101