UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUREEN SANTINI,                    )
                                    )
                Plaintiff,          )
        v.                          )    Civil Action No. 06-1970 GK
                                    )
JEFFREY A. TAYLOR, et al.,          )
                                    )
                Defendants.         )
_____    )

DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants, Jeffrey A. Taylor and Daniel J. Metcalf,[1]

hereby move pursuant to Fed. R. Civ. P. 12(b)(1), (6) and (7) to

dismiss this action.  In the alternative, the Defendants move for

summary judgment in their favor, pursuant to Fed. R. Civ. P. 56.[2]

_____

[1]  Both defendants are sued only in their official
capacities.  See Complaint, ¶¶ 5-6.

[2]   To the extent that the Court may rely on matters
outside of the pleadings, the Court may enter summary judgment in
favor of the defendants.  See Fed. R. Civ. P. 12(b); 56.
Plaintiff should take notice that any factual assertions
contained in the documents in support of this motion will be
accepted by the Court as true unless the plaintiff submits her
own affidavit or other proper, documentary evidence contradicting
the assertions in the documents.  See Neal v. Kelly, 963 F.2d
453, 456-57 (D.C. Cir. 1992), Local Rule 7(h); 56.1 and Fed. R.
Civ. P. 56(e), which provides as follows:

    Supporting and opposing affidavits shall be made on
    personal knowledge, shall set forth such facts as would
    be admissible in evidence, and shall show affirmatively
    that the affiant is competent to testify to the matters
    stated therein.  Sworn or certified copies of all
    papers or parts thereof referred to in an affidavit
    shall be attached thereto or served therewith.  The
    court may permit affidavits to be supplemented or
    opposed by depositions, answers to interrogatories, or
    further affidavits.  When a motion for summary judgment
    is made and supported as provided in this rule, an

The Court is respectfully referred to the accompanying memorandum of points and authorities in support of this motion.

                         Respectfully submitted,


                         _____
                         JEFFREY A. TAYLOR, DC Bar #498610
                         United States Attorney


                         _____
                         RUDOLPH CONTRERAS, DC Bar #434122
                         Assistant United States Attorney


                         _____
                         W. MARK NEBEKER, DC Bar #396739
                         Assistant United States Attorney

---

    adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUREEN SANTINI,                    )
                                    )
                Plaintiff,          )
     v.                             )    Civil Action No. 06-1970 GK
                                    )
JEFFREY A. TAYLOR, <u>et</u> <u>al.</u>,        )
                                    )
                Defendants.         )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR,
<u>IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

<u>INTRODUCTION</u>

Plaintiff initiated this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701-706, seeking information from the Defendants about her and a criminal prosecution of her in the Superior Court which ended when she entered the diversion program and the case was dismissed.  Plaintiff seeks disclosure of documents under the FOIA and also challenges the refusal by the Office of the United States Attorney for the District of Columbia ("USAO") to comply with a subpoena issued by the Superior Court, which was quashed in an October 17, 2006 Order entered in <u>Santini</u> v. <u>Herman</u>, Miscellaneous Action No. 06-179 RMC.  At the time the Complaint was filed, Plaintiff had not yet complied with the requirements of the applicable <u>Touhy</u> regulations.[1]  But on or about February 5, 2007, Plaintiff

_____

[1] <u>See</u> <u>United States ex rel. Touhy</u> v. <u>Ragen</u>, 340 U.S. 463 (1951).

forwarded an Affidavit In Support Of Request For Documents And Testimony, which has now been acted upon.

Because Plaintiff has failed to name a proper party under the FOIA, because any obligation under the FOIA has been fully satisfied, and because the USAO was not arbitrary or capricious in its resolution of Plaintiff's request under the applicable regulations, this action should be dismissed or summary judgment should be entered in favor of defendants.  Finally, insofar as Plaintiff has sought production of an index pursuant to <u>Vaughn</u> v. <u>Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), the request is mooted by the production of the accompanying index and Declaration of John F. Boseker ("Boseker Decl.").[2]

ARGUMENT

<u>The FOIA</u>

In this purported Freedom of Information Act ("FOIA") case, Plaintiff names individual defendants.  Because FOIA claims may only be brought against an "agency," the FOIA claim against individual defendants should be dismissed.  The FOIA grants district courts jurisdiction to enjoin an agency from improperly withholding agency records.  5 U.S.C. §§ 552(a)(4)(B).  The term "agency," for purposes of the statute, is defined as

---

[2]  Because the Boseker Declaration was considered in assessing the merits of Plaintiff's <u>Touhy</u> request, it can be found in the Administrative Record, a copy of which will be filed separately.  <u>See</u> AR at 100-151.

-2-

> any Executive department, military department,
> Government corporation, Government-controlled
> corporation, or other establishment in the executive
> branch of the Government ... or any independent
> regulatory agency.

5 U.S.C. § 552(f).  The term "Executive department" is further

defined in Title 5 as a cabinet-level agency.  5 U.S.C. § 105.

The Department of Justice ("DOJ") is included in the list of

cabinet-level agencies that fall within the definition of

"Executive department."  <u>Id</u>.  Therefore, DOJ is the proper

defendant to a FOIA case seeking records held by the USAO or any

component of the DOJ.

Moreover, several decisions of this Court have held that the

Court lacks subject matter jurisdiction to enforce the FOIA

against individuals.  <u>See</u> <u>Santos</u> v. <u>Drug Enforcement Agency,

Office of Information and Privacy</u>, 357 F.Supp.2d 33, 36 (D.D.C.

2004) ("A plaintiff may not assert a FOIA claim against

individual federal officials"); <u>Stone</u> v. <u>Federal Bureau of

Investigation</u>, 816 F. Supp. 782, 785 (D.D.C. 1993); <u>Whittle</u> v.

<u>Moschella</u>, 756 F. Supp. 589, 596 (D.D.C. 1991); <u>Sherwood Van

Lines</u> v. <u>Dept. of Navy</u>, 732 F. Supp. 240, 241 (D.D.C. 1990).

Consistent with these decisions, Plaintiff fails to state a FOIA

claim within the jurisdiction of this Court.[3]

---

[3] Defendants are aware of certain authority in this Court
that would ignore the similar language in the Privacy Act, <u>see
e.g.</u>, <u>Maxwell</u> v. <u>Leavitt</u>, Civil Action No. 02-1732 HHK,  2005 WL
589017, *1 (D.D.C. May 11, 2005).  Defendants submit that the
proper approach is to limit causes of actions under statutes

Insofar as Plaintiff has sought a judgment from the Court to "[p]roduce a detailed Vaughn index for any documents withheld under any claim of privilege", see Complaint at 4, her claim has been mooted by the production of the accompanying Boseker Declaration and its accompanying Vaughn index.[4]

> Article III, s 2, of the Constitution confines federal courts to the decision of "Cases" or "Controversies." Standing to sue or defend is an aspect of the case or controversy requirement.
>
> * * *
>
> An interest shared generally with the public at large in the proper application of the Constitution and laws will not do.
>
> * * *
>
> The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.
>
> * * *
>
> To qualify as a case fit for federal-court

---

waiving sovereign immunity to the limitations placed on them by Congress. See United States v. Testan, 424 U.S. 392, 399 (1976). The Court of Appeals has expressed a desire to ensure that the proper party is identified in cases such as this, see Peralta v. U.S. Attorney's Office, 136 F.3d 169, 175 (D.C. Cir. 1998) (directing that on remand the district court "resolve who the defendant or defendants are in this case"); and Defendants submit that they are not proper parties to such an action.

[4] Plaintiff was not entitled to a Vaughn index before initiating her civil action. See Judicial Watch, Inc. v. Clinton, 880 F.Supp. 1, 11 (D.D.C. 1995) ("Agencies need not provide a Vaughn Index until ordered by a court after the plaintiff has exhausted the administrative process."), aff'd on other grounds, 76 F.3d 1232 (D.C. Cir. 1996).

adjudication, an actual controversy must be extant at
all stages of review, not merely at the time the
complaint is filed.

Arizonans For Official English v. Arizona, 520 U.S. 43, 64-67

(1997) (internal quotations and cases omitted); accord

Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998) ("when

a prisoner seeking injunctive or declaratory relief challenges

his parole eligibility date but is subsequently released on

parole, his claims are moot unless he alleges continuing adverse

consequences from the challenged parole records").

Even assuming that Plaintiff could proceed with her FOIA

claims, she cannot prevail on those claims.  Plaintiff claims to

have satisfied the requisite FOIA appeals process for her FOIA

claims to the FBI, the DOJ Criminal Division and the USAO.  See

Complaint, ¶¶ 12-14.  Both the FBI and Criminal Division have

conducted proper searches for responsive documents; and neither

the FBI or the Criminal Division have any responsive records.

See Declaration of David M. Hardy ("Hardy Decl."), ¶¶ 4-25;

Declaration of Kathy Hsu ("Hsu Decl."), ¶¶ 4-17.

In a FOIA action, a plaintiff states a claim only when an

agency has improperly withheld agency records.  5 U.S.C.

§ 552(a)(4)(B).  "[I]t is well established that under the FOIA,

'once the records are produced the substance of the controversy

disappears and becomes moot, since disclosure which the suit

seeks has already been made.'"  Trueblood v. U.S. Dept. of the

<u>Treasury</u>, 943 F. Supp. 64, 67 (D.D.C. 1996) (<u>quoting</u> <u>Crooker</u> v.
<u>United States State Dept.</u>, 628 F.2d 9, 10 (D.C. Cir. 1980)); <u>see</u>
<u>also</u> <u>Perry</u> v. <u>Block</u>, 684 F.2d 121, 125 (D.C. Cir. 1982).  Because
the FBI and Criminal Division have established that no responsive
records have been withheld from Plaintiff, the claims involving
these components should be dismissed or summary judgment entered
against the Plaintiff on those claims.

Similarly, the FOIA claim involving the USAO documents is
without merit.  The search for responsive documents within the
USAO was successful.  <u>See</u> Boseker Decl., ¶¶ 9-11, 18-20.  And, as
set forth in greater detail below, documents and portions of
responsive documents were disclosed to Plaintiff.  Those pages or
portions of pages that were withheld were properly withheld
pursuant to applicable FOIA exemptions.  <u>See</u> 5 U.S.C. §§
552(b)(2), 552(b)(3), 552(b)(5), 552(b)(7)(C), 552(b)(7)(D), and
552(b)(7)(F).  <u>See</u> Boseker Decl., ¶¶ 12, 21-47.


<u>Exemption B(2)</u>

Pursuant to 5 U.S.C. § 552(b)(2) ("Exemption 2"), the
Government is not required to disclose records "related solely to
the internal personnel rules and practices of an agency."  5
U.S.C. § 552(b)(2).  Exemption 2 applies primarily to two types
of materials: (1) internal agency matters so routine or trivial
that they could not be "subject to ... a genuine and significant

public interest" and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. Department of Air Force v. Rose, 425 U.S. 352, 369-70 (1976); Schiller v. N.L.R.B., 964 F.2d 1205, 1207 (D.C. Cir. 1992); National Treasury Employees Union v. U.S. Customs Service, 802 F.2d 525, 528-30 (D.C. Cir. 1986); Crooker v. Bureau of Alcohol, Tobacco & Firearms, 670 F.2d 1051, 1073-74 (D.C. Cir. 1981); Truesdale v. U.S. Dept. of Justice,  2005 WL 3294004, *4 - *5 (D.D.C. 2005); Gonzalez v. Bureau of Alcohol, Tobacco and Firearms, 2005 WL 3201009, *6 (D.D.C. 2005); Dorsett v. U.S. Dept. of Treasury, 307 F.Supp.2d 28, 35-36 (D.D.C. 2004); Edmonds v. FBI, 272 F.Supp.2d 35, 50 (D.D.C. 2003).

Depending upon the nature of the information, documents will fall within either the "low (b)(2) category" or the "high (b)(2) category." Schiller, 964 F.2d at 1207. "Low (b)(2)" information refers to internal procedures and practices of an agency, where disclosure would constitute an administrative burden unjustified by any genuine and significant public benefit. Martin v. Lauer, 686 F.2d 24, 34 (D.C. Cir. 1982); see also Schiller, 964 F.2d at 1207. "Low (b)(2)" information can be protected only if the information qualifies as a personnel rule or internal practice of an agency or is sufficiently related to such a rule or practice. See Schwaner v. Department of Air Force, 898 F.2d 793, 795 (D.C. Cir. 1990); Voinche v. FBI, 46 F.Supp.2d 26, 30 (D.D.C. 1999).

Thus, trivial administrative data, such as file numbers, mail routing stamps, initials, data processing notations, brief references to previous communications, and other like administrative markings are exempt from disclosure. Coleman v. FBI, 13 F.Supp.2d 75, 78-79 (D.D.C. 1998), citing, Lesar v. U.S. Dept. of Justice, 636 F.2d 472 (D.C. Cir. 1980); see also Schiller, 964 F.2d at 1208 (protecting from disclosure internal agency time deadlines and procedures, recordkeeping directions, instructions on which agency official to contact for assistance, and guidelines on clearance procedures); Nix v. United States, 572 F.2d 998, 1005 (4th Cir. 1978)(protecting cover letters of merely internal significance); Scherer v. Kelley, 584 F.2d 170, 175-78 (7th Cir. 1978)(protecting "file numbers, initials, signature and mail routing stamps, references to interagency transfers, and data processing references"); Voinche, 46 F.Supp.2d at 30 (protecting the file number for an informant and telephone extension of the Public Corruption Unit of the FBI's Criminal Investigation Unit); Wilson v. Department of Justice, 1991 WL 111457, at *2 (D.D.C. 1991) (protecting transmittal slips from low level officials).  The notion behind this reasoning is that administrative agencies should not be burdened by responding to requests for trivial information unlikely to be the subject of public interest.  Martin, 686 F.2d at 34.

In this instance, the Exemption ("Low (b)(2)") was properly applied to withhold purely internal forms and matter without public interest.  Boseker Decl., ¶¶ 21-23 and accompanying Index,

Documents 12, 14 and 22.[5]

   Exemption B(3)

   Exemption 3 protects against the release of "matters that
are . . .  (3) specifically exempted from disclosure by statute .
. . , provided that such statute (A) requires that the matters be
withheld from the public in such a manner as to leave no
discretion on the issue ...."  5 U.S.C. § 552(b)(3).  The USAO
withheld certain documents from Plaintiff under Exemption 3
because those documents concerned "matters occurring before the
grand jury," the disclosure of which is prohibited under Rule
6(e) of the Rules of Criminal Procedure.  See Boseker Decl., ¶¶
24-26; SCR Crim. 6(e).[6]  More specifically, the EOUSA applied the
exemption to withhold grand jury information, i.e. information
the disclosure of which would reveal the scope of the grand jury
and the direction of the investigation by providing the
identities of the targets of the investigation, the source of
evidence, as well as the potential and/or actual evidence
produced before the grand jury.  Boseker Decl., ¶ 26 and Index

---

   [5]  As noted below, other exemptions were also applied to
each of these documents.

   [6] SCR Crim. R. 6(e) is substantially identical to Fed. R.
Crim. P. 6(e).  Thus, cases interpreting the local rule are
instructive in interpreting the Superior Court rule.  See So v.
514 10th Street Associates, L.P., 834 A.2d 910, 914-15 (D.C.
2003) (where the local rule and the federal rule contain the same
language, "we will look to federal court decisions interpreting
the federal rule as persuasive authority in interpreting the
local rule").

(Documents 12 and 14).  Because the prohibition of Rule 6(e) has been held to satisfy the Exemption 3 requirement that it be a statute leaving no discretion to withhold or not to withhold information, <u>Fund for Constitutional Government</u> v. <u>National Archives and Records Service</u>, 656 F.2d 856, 867-868 (D.C. Cir. 1981), and because these materials fall within the protection of Rule 6(e), the withholding was proper.

<u>Exemption B(5)</u>

Exemption 5 of FOIA protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5).  The Supreme Court has made clear that Exemption 5 protects information "normally privileged in the civil discovery context," including information protected by the attorney work product privilege.  <u>NLRB</u> v. <u>Sears, Roebuck & Co.</u>, 421 U.S. 132, 149 (1975).

Documents created by attorneys in contemplation of litigation are protected by the attorney work product privilege. <u>Hickman</u> v. <u>Taylor</u>, 329 U.S. 495, 509-510 (1947); <u>Coastal States Gas Corp.</u> v. <u>Department of Energy</u>, 617 F.2d 854, 864-866 (D.C. Cir. 1980); <u>Jordan</u> v. <u>Department of Justice</u>, 591 F.2d 753, 774-776 (D.C. Cir. 1978) (en banc).  Litigation need not have actually commenced at the time the document was created, and the privilege "extends to documents prepared in anticipation of foreseeable litigation, even if no specific claim is

-10-

contemplated." Schiller v. NLRB, 964 F.2d 1205, 1208 (D.C. Cir. 1992). This extends to law enforcement investigations, when the investigation "represents an attempt to garner evidence against a suspected wrongdoer." SafeCard Services v. SEC, 926 F.2d 1197, 1202 (D.C. Cir. 1991).

EOUSA withheld information from the documents under Exemption 5, in conjunction with the attorney work product doctrine and the deliberative process privilege. See Boseker Decl., ¶¶ 27-30 and Index (referencing part of Document 11 and Documents 12, 14, 21 and 22). The material withheld as attorney work product reflects such matters as trial preparation, trial strategy, interpretations and personal evaluations and opinions pertinent to a criminal case. Boseker Decl., ¶ 29. The records were prepared by or at the request or direction of an attorney and made in anticipation of or during the litigation. Id.

Where material was withheld based on the deliberative process privilege, the information withheld contained deliberative information of the USAO and other agencies in their consideration of possible criminal actions against Ms. Santini, the disclosure of which would reveal pre-decisional communications among government personnel such as discussions of litigation issues, alternatives and strategies. Boseker Decl., ¶ 30. In these circumstances, protection under the work product doctrine and deliberative process privilege is appropriate. See Hickman v. Taylor, 329 U.S. 495 (1947) (work-product privilege); In re Sealed Case, 676 F.2d 793, 809-10 (D.C. Cir. 1982) (The

"opinions, judgments, and thought processes of  counsel" are
generally protected, and the person seeking them must show
extraordinary justification); see also In Re Sealed Case, 124
F.3d 230, 235 (D.C. Cir. 1997); Carl Zeiss Stiftung v. V.E.B.
Carl Zeiss, Jena, 40 F.R.D. 318, 324 (D.D.C. 1966), aff'd, 384
F.2d 979 (D.C. Cir.1967); accord NLRB v. Sears, Roebuck & Co.,
421 U.S. 132, 151-53 (1975); EPA v. Mink, 410 U.S. 73, 86-93
(1973).


   Exemption B(7)

   To invoke any of the subsections of Exemption 7, an agency
must first demonstrate that the records were "compiled for law
enforcement purposes."  5 U.S.C. § 552(b)(7); see John Doe Agency
v. John Doe Corp., 493 U.S. 146, 153 (1989).[7]  Plaintiff does not
challenge the USAO's evidence that its systems of records were
compiled for law enforcement purposes.  See Boseker Decl., ¶ 31;
Complaint, ¶¶ 7, 9 (noting that Plaintiff was arrested on two
felony charges and the U.S. Attorney's office dropped both

_____

   [7] This Court has repeatedly held that in order to satisfy
this threshold requirement, criminal law enforcement agencies
need only show that the records at issue are related to the
enforcement of federal laws and that the enforcement activity is
within the law enforcement duty of the agency.  Keys v.
Department of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987) (citing
with approval Pratt v. Webster, 673 F.2d 408, 420-21 (D.C. Cir.
1982)); Shaw v. FBI, 749 F.2d 58, 63-64 (D.C. Cir. 1984) (mere
existence of plausible criminal reason to investigate shifts
burden to plaintiff to disprove Exemption 7's applicability);
Binion v. Department of Justice, 695 F.2d 1189, 1194 (9th Cir.
1983) (only "rational nexus" between criminal law enforcement
agency's duties and document need be shown).

charges, substituted a misdemeanor charge, which was later dismissed). Thus, the information at issue was collected and maintained for law enforcement purposes. Id.

Having established that the records at issue qualify as Exemption 7 records, the remaining consideration under Exemption 7(C) is whether their release "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In assessing the invocation of Exemption 7(C), the Supreme Court has employed a two-part test: First, whether disclosure could reasonably be expected to constitute an invasion of personal privacy; and second, whether invasion of this interest would be unwarranted. Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 762, 771 (1989). In determining whether or not the invasion of privacy would be warranted, the invasion of personal privacy must be balanced against the public interest in disclosure. Id. at 772-73; see Beck v. Department of Justice, 997 F.2d 1489, 1491 (D.C. Cir. 1993). The FOIA plaintiff bears the burden of establishing for the Court that the public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests. Senate of Puerto Rico v. Department of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987).

The Supreme Court has instructed: "[B]oth the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person." Reporters Comm., 489 U.S. at 763. With regard to law

-13-

enforcement files, this Court has concluded: "It is surely beyond dispute that 'the mere mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation.'" Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C. Cir. 1990) (quoting Branch v. FBI, 658 F. Supp. 204, 109 (D.D.C. 1987)); see Computer Professionals for Social Responsibility v. United States Secret Service, 72 F.3d 897, 904 (D.C. Cir. 1996).

In contrast to other FOIA exemptions, Exemption 7(C) does not "require a balance tilted emphatically in favor of disclosure," but rather "recognizes the stigma potentially associated with law enforcement investigations and affords broader privacy rights to suspects, witnesses, and investigators." Bast v. Department of Justice, 665 F.2d 1251, 1254 (D.C. Cir. 1981). Here, Plaintiff seeks official information from government files that would identify personal information about third parties. Boseker Decl., ¶ 31-34. EOUSA determined that there was no public interest in the information if released, because its dissemination would not help to explain the activities and operations of the agency. Id., ¶¶ 35-37. The fact that the individual's identity may be known to Plaintiff does not lessen the individual's privacy interests in the files. See Weisberg v. Department of Justice, 475 F.2d 1476, 1491 (D.C. Cir. 1984). Thus, an alleged status as an informant also does not diminish an individual's privacy interests.

This Court has previously held that "[t]hose who cooperated

-14-

with law enforcement should not pay the price of full disclosure of personal detail." <u>Lesar</u> v. <u>Dep't of Justice</u>, 636 F.2d 472, 488 (D.C. Cir. 1980); <u>see also</u> <u>Stone</u> v. <u>FBI</u>, 727 F. Supp. 662 (D.D.C. 1990) (recognizing law enforcement agents' bona fide interest in privacy and noting special danger and animosity engendered by release of names).  The government is not, by virtue of a witness' willingness to testify, required to release other, unrelated, information regarding this individual.  <u>See</u> <u>Jones</u> v. <u>FBI</u>, 41 F.3d 238, 247 (6th Cir. 1994) ("We must reject plaintiff's argument that certain agents waived 7(C) protection by testifying at plaintiff's habeas proceeding.  Exemption 7(C) leaves the decision about publicity--whether and how much to reveal about herself--in the power of the individual whose privacy is at stake."); <u>Brown</u> v. <u>FBI</u>, 658 F.2d 71, 75 (2d Cir. 1981) (Applying Exemption b(6), the Court ruled that the appellant's "assertion that, by testifying, [the crime victim] has waived her right to privacy is without foundation in law or logic.").

Thus, there is abundant support for the Agency's determination that the information withheld pursuant to Exemption 7(C) was properly withheld.  Boseker Decl., ¶¶ 31-37.

Similarly, relying on 5 U.S.C. § 552(b)(7)(D), the Agency has properly withheld certain information that was compiled for law enforcement purposes and that could reasonably be expected to disclose the identity of a confidential source.  <u>See</u> Boseker Decl., ¶¶ 38-44.  "[p]ersons involved in FBI investigations –

-15-

even if they are not the subject of the investigation – 'have a substantial interest in seeing that their participation remains secret.'" See Quinon v. FBI, 86 F.3d 1222, 1230 (D.C. Cir. 1996), quoting Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C. Cir. 1990). The mere "mention of an individual's name in a law enforcement file" is generally sufficient to justify nondisclosure because it "will engender comment and speculation and carr[y] a stigmatizing connotation." Fitzgibbon, 911 F.2d at 767, quoting Branch v. FBI, 658 F. Supp. 204, 209 (D.D.C. 1987). Thus, based upon the traditional recognition of strong privacy interests inherent in law enforcement records, the "categorical withholding" of information that identifies third parties in law enforcement records will ordinarily be appropriate. See SafeCard Services v. SEC, 926 F.2d at 1206; see also Nation Magazine Washington Bureau v. U.S. Customs Service, 71 F.3d 885, 896 (D.C. Cir. 1995) (portions of records in investigatory files that would reveal subjects, witnesses, and information in investigatory files is categorically exempt).

Exemption 7(D) was, thus, also properly applied. See Boseker Decl., ¶¶ 31, 38-44.

Exemption 7(F) was also properly utilized in withholding certain information from Plaintiff. See 5 U.S.C. § 552(b)(7)(F); Boseker Decl., ¶¶ 31, 45-47. Here, the Agency withheld certain portions of documents that were also subject to withholding under Exemptions 7(C) and 7(D). Boseker Decl., ¶¶ 46-47. These portions were withheld because release of the information could

-16-

reasonably be expected to endanger the life or physical safety of an individual.  Id., ¶¶ 45-46.  One or more persons providing information about Ms. Santini's threat to harm another have expressed fear for their safety.  Such reasonable fear can be inferred, as well, from the particular circumstances of the case. Id., ¶¶ 46-47; Complaint, ¶¶ 7-8; AR 162-63.

For these reasons and those more fully set forth in the accompanying Boseker Declaration and Index, the Agency has properly employed applicable exemptions to the release provisions of the FOIA.


     The APA Claim

Neither the District of Columbia Superior Court nor the District Court upon removal has the jurisdiction directly to enforce a state court subpoena when the party seeking enforcement has failed to secure authorization under an agency's Touhy regulations.  "In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena."  Houston Business Journal v. OCC, 86 F.3d 1208, 1211 (D.C. Cir. 1996).  And, "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government."  86 F.3d at 1212. Although Houston Business Journal involved only a subpoena for documents, the decision also addressed situations involving subpoenas for testimony.  "Under Touhy," stated this Court,

-17-

"neither state-court nor federal-court litigants may obtain a subpoena *ad testificandum* against an employee of a federal agency that has enacted a Touhy regulation."  Id. at 1212 n.4 (citations omitted).

> In Houston Business Journal, the Circuit clearly
> recognized that where an agency has enacted valid Touhy
> regulations, a federal court litigant may not obtain a
> subpoena *ad testificandum* against an employee of a
> federal agency, but "the litigant must proceed under
> the APA [Administrative Procedure Act] and the federal
> court will review the agency's decision not to permit
> its employee to testify under an 'arbitrary and
> capricious' standard." 86 F.3d at 1212 n. 4 (citing
> Moore v. Armour Pharm. Co., 927 F.2d 1194, 1197 (11th
> Cir. 1991); Davis Enters. v. EPA, 877 F.2d 1181, 1186
> (3d Cir. 1989), cert. denied, 493 U.S. 1070, 110 S.Ct.
> 1113, 107 L.Ed.2d 1020 (1990)).

Ho v. United States, 374 F.Supp.2d 82, 83 (D.D.C. 2005) (footnotes omitted).

Under the applicable APA provision, a reviewing court must strike down an agency action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  Although the courts must make a "thorough, probing, in-depth review," Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415-16 (1971), the agency's decision must be upheld if it has "considered the relevant factors and articulated a rational connection between the facts found and the choice made." Baltimore Gas & Elec. Co. v. Natural Resources Defense Council, 462 U.S. 87, 105 (1983); see also Small Refiner Lead Phase-Down Task Force v. EPA, 705 F.2d 506, 521 (D.C. Cir. 1983).

As reflected in the March 14, 2007 Letter to Ms. Santini,

the USAO considered the relevant factors.  A <u>Touhy</u> determination
concerning DOJ information requires an analysis of the factors
set forth in 28 C.F.R. § 16.26.  Those regulations provide:

> (a) In deciding whether to make disclosures pursuant
> to a demand, <u>Department officials and attorneys should
> consider</u>:
>
>> (1) Whether such disclosure is appropriate
>> under the rules of procedure governing the
>> case or matter in which the demand arose, and
>>
>> (2) Whether disclosure is appropriate under
>> the relevant substantive law concerning
>> privilege.
>
> (b) Among the demands in response to which disclosure
> will not be made by any Department official are those
> demands with respect to which any of the following
> factors exist:
>
>> (1) Disclosure would violate a statute, such
>> as the income tax laws, 26 U.S.C. 6103 and
>> 7213, or a rule of procedure, such as the
>> grand jury secrecy rule, F.R.Cr.P., Rule 6(e),
>>
>> (2) Disclosure would violate a specific regulation;
>>
>> (3) Disclosure would reveal classified
>> information, unless appropriately
>> declassified by the originating agency,
>>
>> (4) Disclosure would reveal a confidential
>> source or informant, unless the investigative
>> agency and the source or informant have no objection,
>>
>> (5) Disclosure would reveal investigatory
>> records compiled for law enforcement
>> purposes, and would interfere with
>> enforcement proceedings or disclose
>> investigative techniques and procedures the
>> effectiveness of which would thereby be impaired,
>>
>> 6) Disclosure would improperly reveal trade
>> secrets without the owner's consent.
>
> (c) In all cases not involving considerations
> specified in paragraphs (b)(1) through (b)(6) of this
> section, the Deputy or Associate Attorney General will

> authorize disclosure unless, in that person's judgment,
> after considering paragraph (a) of this section,
> disclosure is unwarranted.  The Deputy or Associate
> Attorney General will not approve disclosure if the
> circumstances specified in paragraphs (b)(1) through
> (b)(3) of this section exist.

28 C.F.R. § 16.26 (emphasis added).

These are the very factors that were considered in responding to Ms. Santini's request.  As reflected in the March 14, 2007 Letter and records of the agency, the Superior Court rules were not satisfied in seeking the documents identified with Plaintiff's April 17, 2006 Subpoena.  See 28 C.F.R. § 16.26(b)(1).  Specifically, Plaintiff mailed the subpoena, issued by the Superior Court of the District of Columbia, rather than having a valid subpoena properly served.  See March 14, 2007 Letter at 2-3 (citing SCR-Civ. 45(b); United States v. Philip Morris Inc., 312 F.Supp.2d 27, 37-38 (D.D.C. 2004) (Fed. R. Civ. P. 45(b)(1) requires personal service of deposition subpoenas); So v. 514 10th Street Associates, L.P., 834 A.2d 910, 914-15 (D.C. 2003) (Superior Court Rule 45 substantially mirrors the federal rule and where the local rule and the federal rule contain the same language, "we will look to federal court decisions interpreting the federal rule as persuasive authority in interpreting the local rule")); see also Administrative Record ("AR") at 30-37 (Envelope attached to April 17, 2006 Subpoena).

Moreover, Plaintiff now seeks testimony, while the Superior Court has limited discovery from the USAO to the discovery sought as of June 14, 2006:

> Discovery is extended in accordance with the following limitations: (1) any discovery of the United States Attorney's Office <u>that was sought before June 14, 2006</u>. . .

AR at 176 (July 12, 2006 Order Granting In Part Plaintiff's Motion To Update Discovery Deadlines In Light Of The Week Long Interruption In Discovery at 1 (emphasis added)). This is consistent with SCR-Civ. R. 26(d). Thus, the agency properly concluded that, insofar as Plaintiff's February 5, 2007 request (with affidavit) sought testimony, the request was both improperly served and untimely under the rules in effect in the case. <u>See</u> March 14, 2007 Letter at 3-4; SCR-Civ. 16(b)(5) (after the "All discovery closed" date, "no deposition or other discovery may be had, nor motion relating to discovery filed, except by leave of court."); AR 176 (July 12, 2006 Order Granting In Part Plaintiff's Motion To Update Discovery Deadlines In Light Of The Week Long Interruption In Discovery at 1).

Plaintiff's <u>Touhy</u> request was also denied because the information she presented with the request did not warrant the discovery sought. Plaintiff failed to offer any specific factual proffer of what the testimony would reveal or any basis to believe that the testimony sought is relevant to the claims in her pending civil action. <u>See</u> AR at 4 (March 14, 2007 Letter at 4); AR 9-12 (Affidavit at 1-3).

Finally, the USAO properly denied the <u>Touhy</u> request insofar as it sought documents beyond those produced pursuant to Plaintiff's FOIA request. AR 5-7 (March 14, 2007 Letter at 5-7).

Reliance on the FOIA exemptions dovetail with privileges and agency regulations, which are to be considered under the applicable regulations.  See id.; 28 C.F.R. § 16.26(a)-(b). Thus, Plaintiff cannot establish error in the USAO's analysis of her Touhy request.  See AR at 1-7 (March 14, 2007 Letter at 1-7). And, reviewing as it must the record as it existed before the agency, this Court should affirm the agency's decision in view of Plaintiff's inability to establish that the agency acted arbitrarily or capriciously in considering the administrative record.

<u>CONCLUSION</u>

WHEREFORE, the above civil action should be dismissed, or summary judgment entered in favor of the defendants.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUREEN SANTINI,                    )
                                    )
                Plaintiff,          )
        v.                          )    Civil Action No. 06-1970 GK
                                    )
JEFFREY A. TAYLOR, et al.,          )
                                    )
                Defendants.         )
_____     )

STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to Local Civil Rule 7(h), the Defendants hereby provide the following statement of material facts as to which there is no genuine dispute:

1. The Federal Bureau of Investigation ("FBI") has searched for documents responsive to Plaintiff's Freedom of Information Act ("FOIA") request as set forth in the Declaration of David M. Hardy, and the FBI has located no records responsive to Plaintiff's request in that search. See Declaration of David M. Hardy ("Hardy Decl."), ¶¶ 4-25.[1]

2. The Criminal Division of the United States Department of Justice has searched for documents responsive to Plaintiff's Freedom of Information Act ("FOIA") request as set forth in the Declaration of Kathy Hsu, and the Criminal Division of the United States Department of Justice has located no records responsive to Plaintiff's request in that search. See Declaration of Kathy Hsu ("Hsu Decl."), ¶¶ 4-17.

---

[1] Consistent with Local Civ. R. 5.4(f), the attachments to Mr. Hardy's Declaration have been redacted to protect personal identifying information about Plaintiff.

3. Plaintiff's FOIA request seeking documents from the Office of the United States Attorney for the District of Columbia was processed and records were searched for and released consistent with the February 27, 2007 Declaration of John Boseker and its accompanying Index. see Declaration of John F. Boseker ("Boseker Decl.").

4. As reflected in the February 27, 2007 Declaration of John F. Boseker, each document located in the search for records responsive to Plaintiff's FOIA request was evaluated to determine if any information could be segregated and released; thus, where a document was withheld in its entirety, the document contained no meaningful portions that could be released without destroying the integrity of the document or without identifying a third party individual or confidential informant. Boseker Decl., ¶ 48.

5. A true and correct copy of Plaintiff's request pursuant to the regulations of the Department of Justice, 28 C.F.R. § 16.21 et seq., is contained in the Administrative Record in this matter at pages 9-12. AR at 9-12.

6. The decision resolving Plaintiff's request pursuant to the regulations of the Department of Justice, 28 C.F.R. § 16.21 et seq., is contained in the Administrative Record in this matter at pages 1-7. AR at 1-7.

7. Documents relied upon in resolving Plaintiff's request pursuant to the regulations of the Department of Justice, 28

-2-

C.F.R. § 16.21 <u>et</u> <u>seq.,</u> are contained in the Administrative

Record in this matter at pages 9-177.  AR at 9-177.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendants'
Motion To Dismiss Or, In The Alternative, For Summary Judgment,
supporting memorandum, statement of material facts,
Administrative Record and a proposed Order has been made by
mailing copies thereof to:

MAUREEN SANTINI
5810 Ipswitch Rd.
Bethesda, MD  20814

on this 14th day of March, 2007.


_____
W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUREEN SANTINI,                    )
                                    )
                Plaintiff,          )
        v.                          )   Civil Action No. 06-1970 GK
                                    )
JEFFREY A. TAYLOR, <u>et al.</u>,   )
                                    )
                Defendants.         )
_____)

<u>ORDER</u>

UPON CONSIDERATION of Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment, the grounds stated therefore, and the entire record herein, it is this ___ day of _____, 2007, hereby

ORDERED that Defendants' motion to dismiss should be and it hereby is granted; and it is,

FURTHER ORDERED that plaintiff's complaint be and hereby is dismissed.

_____
UNITED STATES DISTRICT JUDGE

W. MARK NEBEKER
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530

MAUREEN SANTINI
5810 Ipswitch Rd.
Bethesda, MD  20814