UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAUREEN SANTINI, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JEFFREY A. TAYLOR, et al., )<br>)<br>Defendants. )<br>_____) | Civil Action No. 06-1970 GK |

DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL,
AND MEMORANDUM IN SUPPORT THEREOF

Defendants hereby request that the Court permit the filing of the attached Declarations, with Exhibits and Administrative Record under seal for 30 days, pending further briefing. Plaintiff has indicated that she does not oppose this motion and that she will, in fact, file a motion to maintain some or all of the information under seal permanently.

This request is made because Plaintiff has indicated a desire to move to seal some or all of the filings relied upon in support of Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment. Initially, Defendants filed the Declarations, Exhibits and Administrative Record in this action on the public record. Plaintiff notified counsel for Defendants that Defendants had mistakenly failed to redact certain identifying information from those documents, and Counsel for Defendant immediately arranged with the Clerk to note that the notice of filing dated March 14, 2007, was entered in error. The parties have had further discussions about what should be

redacted from the public filings, and Defendants are proposing the accompanying redacted Exhibits and Administrative Record, which redactions that include Plaintiff's social security number, former addresses, former employment and dates of birth of Plaintiff and another individual. Plaintiff may seek to maintain additional information under seal, but Defendants submit that appropriate considerations must minimize the material that is maintained under seal.

There exists in our nation's common law a tradition of public access to the records of judicial proceedings. See United States v. Hubbard, 650 F.2d 293, 314 (D.C. Cir. 1980). See also generally Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866, 895-97 (E.D. Pa. 1981). Indeed, the Court of Appeals has expressly declared that the public's "common law right to inspect and copy judicial records is indisputable." In re Nat'l Broadcasting Co., 653 F.2d 609, 613 (D.C. Cir. 1981); see United States v. Hickey, 767 F.2d 705, 708 (10th Cir.), cert. denied, 474 U.S. 1022 (1985). Furthermore, the Court of Appeals has emphasized that "this common law right is not some arcane relic of ancient English law. To the contrary, the right is fundamental to a democratic state." United States v. Mtichell, 551 F.2d 1252, 1258 (D.C. Cir. 1976), rev'd on other grounds sub nom. Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978). The Court of Appeals explained that the right of access, like the

First Amendment, assures a well-informed public opinion, permits public monitoring of the courts, and promotes confidence in the fairness and justice of the court system. Id.; see also United States v. Edwards, 672 F.2d 1289, 1292-94 (7th Cir. 1982). These policy considerations in favor of open judicial proceedings are just as strong in the pretrial stage of civil litigation as they are at the trial stage. See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. at 897 n.55.

The public's right of access, to be sure, is not absolute. All courts have supervisory powers over their own records and files. See In re Nat'l Broadcasting Co., 653 F.2d at 613. Accordingly, a court, in its discretion, may seal documents "if the public's right of access is outweighed by competing interests." United States v. Hickey, 767 F.2d at 708 (quoting In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984)). The Supreme Court has described the traditional exceptions to the general rule of open access as follows:

> [A]ccess has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal through publication of the painful and sometimes disgusting details of a divorce case. Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.

Nixon v. Warner Communications, Inc., 435 U.S. at 598 (internal

quotations and citations omitted); see In re Nat'l Broadcasting Co., 653 F.2d at 613.

The Supreme Court has also pointed out that there can be no simple formula for deciding whether or not to limit access because that issue is necessarily fact-bound. Nixon v. Warner Communications, Inc., 435 U.S. at 599. "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Id.; accord, United States v. Hubbard, 650 F.2d at 316-17.

The trial court's decision to limit access, however, "is not open ended." In re Nat'l Broadcasting Co, 653 F.2d at 613. The trial court must consider all the relevant facts and circumstances of the particular case and weigh the interests advanced by the parties in light of the public interest and the duty of the courts. Id.; see United States v. Hickey, 767 F.2d at 708. In other words:

> The court's discretion must clearly be informed by this country's strong tradition of access to judicial proceedings. In balancing the competing interests, the court must give appropriate weight and consideration to the presumption -- however gauged -- in favor of public access to judicial records. Any denial of this precious and fundamental common law right remains subject to appellate review for abuse.

In re Nat'l Broadcasting Co., 653 F.2d at 613 (internal quotations and footnotes omitted).

In United States v. Hubbard, 650 F.2d at 314-24, the Court

of Appeals for this Circuit articulated several somewhat overlapping factors that a district court should consider when deciding whether a party's interest in privacy or confidentiality outweighs the strong presumption in favor of public access to judicial proceedings.[1] See Johnson v. Greater Southeast Community Hospital Corp., 951 F.2d 1268, 1277 & n.14 (D.C. Cir. 1991). Department of Justice regulations also generally call for the placement of information in litigation to be maintained on the public record. See 28 C.F.R. § 50.9; see also 28 C.F.R. § 23 (noting general policy against confidentiality in settlement agreements and consent decrees).

Accordingly, Defendants propose to file the documents under seal for a limited period of time, during which the plaintiff may seek to continue or modify the stay, should she deem such action appropriate. Barring any motion by the plaintiff, the stay should be lifted in the interest of placing on the public record as much information in pending litigation as is possible.

For the aforementioned reasons, Defendants respectfully request that the Court permit the filing under seal of the above-referenced documents for 30 days, or such other period as may be

---

[1] Those factors include: (i) the need for public access to the documents at issue; (ii) the extent to which the public has previously had access to the documents; (iii) the identity of the party objecting to disclosure; (iv) the strength of the property and privacy interests involved; (v) the possibility of prejudice to those opposing disclosure; and (vi) the purposes for which the documents are being introduced.

necessary to resolve any request to extend or modify that seal that may be made by Plaintiff within that 30-day period. A proposed Order consistent with this motion accompanies this motion.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/ W. Mark Nebeker
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendants' Motion For Leave To File Under Seal and the accompanying Declarations, Exhibits and Administrative Record has been made by mailing copies thereof to:

MAUREEN SANTINI
5810 Ipswitch Rd.
Bethesda, MD  20814

on this 21st day of March, 2007.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUREEN SANTINI,            )
                            )
            Plaintiff,      )
    v.                      )   Civil Action No. 06-1970 GK
                            )
JEFFREY A. TAYLOR, et al.,  )
                            )
            Defendants.     )
_____)

<u>ORDER</u>

UPON CONSIDERATION of Defendants' Motion For Leave To File Under Seal, And Memorandum In Support Thereof, and the grounds stated therefor, and the entire record herein, it is on this _____ day of _____, 2007, hereby

ORDERED that Defendant's Motion For Leave To File Under Seal should be and hereby is granted; and it is

FURTHER ORDERED that the Declarations, Exhibits and Administrative Record lodged with Defendant's Motion For Leave To File Under Seal shall be accepted for filing under seal; and it is

FURTHER ORDERED that the documents shall be maintained under seal and not available to the general public for a period of 30 days, whereupon the seal shall be lifted and the documents deemed to have been filed on the public record, provided however, that if Plaintiff shall file a motion to continue or modify the seal

before the passage of that 30-day period, the seal shall remain in place until resolution of the motion filed by the plaintiff.

_____
UNITED STATES DISTRICT JUDGE

copies to :

W. MARK NEBEKER
Assistant U.S. Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530

MAUREEN SANTINI
5810 Ipswitch Rd.
Bethesda, MD  20814

-2-