United States District Court for the District of Columbia

| | | |
|---|---|---|
| MAUREEN SANTINI, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1970 GK |
| | ) | |
| JEFFREY A. Taylor, et al., | ) | |
| Defendants | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

Plaintiff opposes defendants' request for dismissal or summary judgment because they have not met the required legal standards for the reasons stated below. This case seeks information that is at the heart of the purpose of the FOIA. It is in the public interest to produce documents that show in what the government is up to.

## A. THE ISSUES

The issues are: (1) the adequacy of the defendants' searches for records, (2) the Boseker affidavit and the number of documents at issue, (3) the exemptions claimed by EOUSA, (4) the request for deposition testimony, and (5) the request for the grand jury transcript of the underlying complainant.

### 1. Adequacy of Search

To obtain summary judgment on the issue of the adequacy of the search, an agency must present a detailed affidavit "setting forth the search terms and the type of search performed and averring that all files likely to contain responsive materials" were

RECEIVED

APR 2 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

searched. *Jefferson v. Bureau of Prisons*, 2006 U.S. Dist. LEXIS 81972 quoting *Valencia-Lucena v. U.S. Coast Guard*, 336 U.S. App. D.C. 386, 180 F.3d 321, 326 (D.C. Cir. 1999), other citations omitted.

An agency must show it conducted a search reasonably calculated to uncover all relevant documents. *Voinche v FBI*, 425 F. Supp. 2d 123; 2006 U.SD. Dist. LEXIS 17961 at 3-4, quoting *Steinberg v. U.S. Department of Justice*, 306 U.S. App. D.C. 240, 23 F.3d 538, 551 (D.C. Cir. 1994).

FBI

David M. Hardy's declaration stated that in response to plaintiff's FOIA request the FBI searched its Central Records System, a manual index, and cross references in the Boston and Milwaukee field offices but found no records.  Hardy did not mention searching the I-drive of shared documents.  This is analogous to *Jefferson v. Bureau of Prisons,* supra, where the court found that "Because the FBI did not search the shared computer drives and the declaration does not aver that the agency searched all files likely to contain records responsive to plaintiff's request, the search was inadequate," at 19.

Criminal Division

Kathy Hsu states that the Justice Department's Criminal Division has no records that mention plaintiff.  Plaintiff does not contest the adequacy of the search.

Executive Office for United States Attorneys

Plaintiff contests the adequacy of the EOUSA search for records as outlined in the declaration of John F. Boseker who states that responsive files were found in a system of records called "United States Attorney, District of Columbia Superior Court Division, Criminal Files (Justice/USA-013)." (Boseker Decl., AR, 104, paragraph 18).

In paragraph 19, however, Boseker states that the "USAO/DDC FOIA contact conducted a systematic search for records" using the computer case tracking systems, RCIS and the Master Index." If this is the same system named in paragraph 18 above, it does not say so. Nor does it state whether the system of records named in paragraph 18 is the only searchable system of records.

A search limited to one system of records is inadequate particularly if the description of the system of records is vague. *James v. U.S. Customs & Border Protection 2007 U.S. Dist. LEXIS 12256.*

"Without more than a perfunctory description of TECS and in the absence of any explanation of CBP's methodology, the Court cannot find that the search was reasonable as a matter of law," Id. at 12. This is an analogous situation, particularly given the dispute over the number of documents at issue as outlined below.

Boseker's affidavit regarding the adequacy of the search did not meet the standards articulated in the cases listed in the first two paragraphs of this section.

**2. Boseker Affidavit and the Number of Documents at Issue**

On February 25, 2005, EOUSA produced 36 full pages of records and 20 partial pages. Thirty pages were withheld in full. (Boseker Decl., 102, No. 11). In chart form:

| 36 pages released in full |
| 20 pages released in part |
| 30 pages withheld in full |

Total: 86

On February 23, 2007, two previously redacted pages were released in full. (Boseker Decl., 103, No. 16). Thus, the new chart should read:

| 38 pages released in full |
|---|
| 18 pages released in part |
| 30 pages withheld in full |

Total: 86

However, Boseker says at 103 that "7 pages previously counted as withheld in full

were, in fact, duplicates." Based only on that conclusory statement, with no index or dates

of creation, Boseker decreased the number of pages withheld in part to19 and the pages

withheld in full to 17. (Boseker Decl., 103, Nos. 16 and 17)

Even accepting this conclusory statement, the numbers still don't add up as shown

below:

| 38 pages released in full |
|---|
| 7 pages newly discovered duplicates previously counted as withheld in full |
| 19 pages withheld in part |
| 17 pages withheld in full |

Total: 81

Plaintiff is unable to understand the numbers in other places as well.  For instance, if

30 pages were previously withheld in full and 7 pages were discovered to be duplicates, then

23 pages should have been withheld in full, instead of 17.

In addition, if the total number of documents was originally 86 and if seven were

found to be duplicates, the new total would be 79.  But the numbers add up to 81.

Also, if one adds up the number of pages of each document withheld in full or in

part in the Vaughn index, the total number is 43, not 36 as Boseker states.

Given these conflicts, discerning the actual number of pages of records withheld in

full or in part is impossible.

### 3. Exemptions Claimed by EOUSA

The FOIA requires federal agencies to release all records responsive to a request. The agency has the burden of proving that every document was produced, exempt or unidentifiable. *Dixon v. U.S. Department of Justice*, 2005 U.S. Dist. LEXIS 37796 at 4.

"When an agency asserts any exemption, it has the burden of establishing the right to withhold the document," *Lipsey v. U.S. Department of Justice*, 2007 U.S. Dist. LEXIS 18948 at 10, citations omitted.

Based on the descriptions of the withheld records in the Vaughn Index (Defs' AR, 138-151), plaintiff disputes the withholding of the following:

**No. 12**

Record No. 12 consists of a memo and forms pertaining to grand jury matters created from December 2000 – January 2001. (Defs' AR, 143) The claimed exemptions are addressed below.

5 – Work product – In *NLRB v. Sears, Roebuck & Co*, 421, U.S. 132 (1975) the Supreme Court ruled that memoranda which explained decisions not to file an unfair labor practice complaint were "final opinions" and therefore outside the scope of Exemption 5. The memo dated January 12, 2001 fits this description since that was the day the U.S. attorney reduced the charges to one misdemeanor and dismissed both felony charges.

(Exhibit 1)

2 – Trivial matter – It is unclear why the exemption for trivia was claimed.

Exemption 2 does not permit withholding information that has more than internal importance. *Department of Air Force v. Rose*, 425 U.S. 352 (1976).

3 in conjunction with Fed R. Criminal Procedure 6(e) – Exemption 3 permits withholding documents that are specifically exempt from disclosure by law. However, Rule 6(e) makes it clear that grand jury records can be disclosed under certain circumstances. Rule 6(e)(3)(G)(6) states that "records, orders, and subpoenas relating to grand jury

proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."

Since the grand jury in this case sat in late 2000 or early 2001, any danger of unauthorized disclosure has long since passed.

Plaintiff requests production of No. 12.

### No. 13
No. 13 is described as a Letter from Third Party Attorney to AUSA. (Defs' AR,

144).

The description states that a "reference" was made to plaintiff and suggests but does not state directly that the purpose of the correspondence was about unrelated matters. It is unclear, then, whether the reason given for invoking 7(D), confidentiality inferred for

eyewitness, pertained to plaintiff or someone else.

The date is listed only as February 2001 – well after the majority of the activity surrounding the prosecution, such as gathering witness statements or conducting investigations. Plaintiff's prosecution effectively ended on or about February 20, 2001 when

she entered the diversion program.

Each of the claimed exemptions is addressed below.

7(C) – Invasion of privacy – This is avoided by redacting names of third parties.

7(D) – Confidentiality inferred to protect source – The suggestion that this document provides eyewitness account of some event contradicts the statement that "reference" was made to plaintiff but that the document was about something else, implying that an alleged witness received consideration from the U.S. attorney regarding another legal matter.

A source is confidential within the meaning of 7(D) if the source receives express assurance of confidentiality or if such an assurance could be reasonably inferred. *U.S. Department of Justice v. Landano*, 113 S. Ct. at 2014 (1993). Confidentiality may be inferred in narrowly defined circumstances. Relevant factors include the character of the crime and the source's relation to it. *Williams v. FBI*, No. 94-5737 U.S. App. (D.C. Cir. 1995).

*Landano* establishes a more rigorous standard of proof which defendants have not met. Therefore this exemption should be disallowed. Plaintiff requests production of this document.

**No. 14**
This record is described as USAO/DC Papering Form, a four-page document dated December 15, 2000, the day of plaintiff's arrest, containing among other things a witness list. (Defs' AR, 145) Claimed exemptions are addressed below.

5 – Attorney work product – Since prosecutors are obligated to turn over witness lists to the defense upon request, plaintiff questions the basis for the claim of work product privilege.

2 – Trivial internal form – It is unclear why the exemption for trivia was claimed. Exemption 2 does not permit withholding information that has more than internal importance. *Department of Air Force v. Rose*, 425 U.S. 352 (1976).

7(C) – Unwarranted invasion of privacy – Prosecutors are required to turn over witness lists to the defense if requested.

3 in conjunction with Rule 6(e) – The need for secrecy pertaining to the grand jury or any other aspect of this case has long since passed.

Plaintiff requests production of this document. If for any reason the entire document cannot be produced, plaintiff requests the "witness list" portion that would have been provided to defense counsel had the request been made.

**No. 19**
Record No. 19 is described as three pages of third party correspondence to AUSA with attachments dated September 5, 2000 – three months before an arrest warrant was issued. (Defs' AR, 149)

7(C) – Unwarranted invasion of privacy – This issue is avoided by redacting the name of third parties.

7(D) – Confidentiality inferred to protect source and information – It appears from the description of the documents that the "third party" is the complainant, Robert Wrzosek. The same cases and reasoning apply here as in section 7(D) under Record No. 13 above.

7(F) – Fear of harm – More than six years later, the issue of fear of harm, unreasonable to begin with, is moot.

Plaintiff requests production of this document.

**No. 21**

This record is described as two pages of AUSA Handwritten Notes dated August

2000 and September 2000. (Defs' AR 151)  The exemptions are addressed below.

5 – Attorney work product, deliberative process privilege – Under Exemption 5,

deliberative process materials may be withheld but factual materials may not.  *Environmental*

*Protection Agency v. Mink*, 410 U.S. 73 (1973).

Plaintiff disputes the statement that the notes were prepared in anticipation of

litigation.  The notes were made at unspecified times in August and September 2000. No

arrest warrant was issued until December 5, 2000.  The initial request for an arrest warrant

on October 25, 2000 was denied by the U.S. Attorney's office, causing the Metropolitan

Police Department to close the case.  (Exhibit 2)

Given these circumstances, it seems clear that the notes could not have been made in

anticipation of litigation but rather were part of the process of evaluating the possibility of

litigation.  Accordingly, they are not privileged and should be produced in accordance

with *Hyman v. First Union Corp.*, U.S. Dist. LEXIS 18010 1997 at 9.  "In fact, every indication

is that the studies were done in order to evaluate the risk of litigation, not in preparation for

future litigation," at 9.  The Court compelled production of the documents.

This situation is also similar to *Conoco Inc., v. U.S. Department of Justice*, 687 F.2d 724

(3d Cir. 1982) which held that DOJ's affidavit failed to show that the undated, unsigned

notes were prepared in anticipation of litigation or that the litigation with the FOIA

requester was still viable at the time the record was created.

The deliberative process privilege shields only materials that are both pre-decisional

and deliberative.  *Tax Analysts v. IRS*, 326 U.S. App. D.C. 53, 117 F.3d 607 (1997) at 616,

quoting *Wolfe v. Department of Health & Human Services*, 268 U.S. App. D.C. 89, 839 F.2d 768,

744 (D.C. Cir. 1988).

Similarly, in *Senate of the Com. Of Puerto Rico on Behalf of Judiciary Committee v. U.S. Dept.

of Justice*, 823 F.2d 574 (D.C. Cir. 1987), the court held that to justify an exemption of a

document as pre-decisional, the court must be able to pinpoint an agency decision or policy

to which the document contributed but was unable to do so.

It was impossible for the court to ascertain whether the claim of deliberative process

was appropriate because the SEC provided very limited information about the nature of the

deliberative process. *SafeCard Services, Inc., v. S.E.C.*, 926 F.2d 1197, Fed/ Sec. L. Rep. (CCH)

P 95811 (D.C. Cir. 1991).

If the documents contain discussions about negotiations with an attorney, this

factual information would not be exempt. *Greenberg v. U.S. Dept. of Treasury*, 10 F. Supp. 2d 3

(D.D.C. 1998). The court also noted that the agency affidavit did not identify the

deliberative process involved and the role played by the documents in that process. The

court found the agency's affidavit unclear as to whether the records were evaluation of legal

status or negotiation process or merely factual descriptions.

7(C) – Unwarranted invasion of privacy – This issue can be cured by redacting the

name of the third party.

7(D) – Confidentiality inferred to protect source and information – The same

argument and cases apply here as in section 7(D) under Record No. 13 above.

7(F) – Fear of harm – More than six years later, the issue of fear of harm is moot.

Plaintiff requests production of this document.

**No. 22**

This record is described as an undated USAO Screener Sheet. (Defs' AR, 151)

5 – Attorney work product – Additional information is required to determine whether the work product privilege applies. For instance, the date of creation of the document would help demonstrate whether it could have been prepared in anticipation of litigation. Without more information, this exemption should be disallowed.

7(C) – Unwarranted invasion of privacy – This issue is easily cured by redacting names of any third parties.

2 – Trivial matter – As stated above, Exemption 2 does not permit withholding information that has more than internal importance. *Department of Air Force v. Rose*, 425 U.S. 352 (1976). It is unclear why this document is labeled trivial.

Plaintiff requests production of this document.

**Additional Records**

In light of the confusion outlined in Section 2 above over the number of records at issue, the Vaughn Index appears to be incomplete since the total number of documents is unclear and the duplicates were not identified.

Since documents that appear to be duplicates may, upon close examination, have minor distinguishing characteristics, plaintiff requests production of all duplicates.

**4. Request for Deposition Testimony**

Plaintiff has been seeking deposition testimony from the U.S. attorney's office since April 17, 2006 (Defs' AR, 30). Upon receipt of plaintiff's subpoena, the U.S. attorney's

office filed a motion to quash, which was ultimately granted. Thus, it is indisputable that defendants received the subpoena. The instant suit was filed under the Administrative Procedure Act when it became clear that it was the only way to depose a representative of the U.S. attorney's office.

Defendants oppose deposition testimony mainly on the grounds that the subpoena was mailed rather than served in person and that the discovery deadline in D.C. Superior Court has passed.

These defects can be cured outside of the realm of the instant case and are not part of the merits of the issue. The D.C. Superior Court, which has not yet ruled on several discovery-related motions, may well allow additional deposition testimony since it has been generous in granting discovery extensions. The original deadline was based on a schedule of events that seemed reasonable at the time. However, the order quoted by defendants also said discovery could be had "by leave of the Court." Plaintiff will seek permission from the D.C. Superior Court promptly if her request is granted here.

EOUSA's second reason for refusing to be deposed is that the deposition subpoena was served by mail rather than in person. While true, this technicality is easily repaired. Plaintiff has offered and continues to offer to have the subpoena served in person if deposition testimony is allowed.

In mailing the subpoena, plaintiff was following the subpoena form, which indicates a subpoena can be served by mail. The small print under "Proof of Service" on the back of the subpoena states, "attach return receipt if service was made by registered or certified

mail." No exclusion for deposition subpoenas is mentioned. Accordingly, plaintiff served the subpoena by certified mail. (Defs' AR, 31).

Plaintiff also disputes defendants' statement that plaintiff "failed to offer any specific factual proffer of what the testimony would reveal or any basis to believe that the testimony sought is relevant to the claims in her pending civil action." (Defs' Mot. to Dismiss, 21). Plaintiff's affidavit regarding the deposition testimony and her filings in the instant and previous U.S. District Court cases show otherwise. (Defs' AR 9-12, 32-34, 59, 91-92).

The circumstances of plaintiff's arrest and prosecution are an integral part of the case pending in D.C. Superior Court. Only the U.S. attorney's office can explain the remaining issues, including timing of several matters. For instance, the alleged threat (actually a bad joke) occurred on or about September 1, 2000. The police tried to obtain an arrest warrant on October 25, 2000, but the U.S. attorney's office denied the request. The police then closed the case. (Exhibit 2)

After the case was closed, the U.S. attorney on November 30, 2000 offered a pre-indictment plea deal (Defs. AR 35-36) even though there was no arrest warrant until six days later. (Exhibit 3) Plaintiff did not know about the offer at the time and it is unclear if plaintiff's then-attorney, a defendant in the D.C. Superior Court breach of contract and negligence case, responded to it or not.

Despite the letter, plaintiff was initially charged with two felonies but both were dismissed a month later without explanation, leaving her with a permanent felony arrest record. A misdemeanor was substituted and ultimately dismissed. Deposition testimony, along with the contested documents, will help explain these unusual circumstances.

*Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) requires disclosure of potentially exculpable evidence. In addition the government is required to

disclose evidence that "affects the credibility of a government witness where material to guilt or punishment," *Sykes v. United States*, 2006 D.C. App. LEXIS 98 at 23 quoting *Ebron v. United States*, 838 A.2d 1140, 1155 (D.C. 2003), other citations omitted.

It is unclear whether potentially exculpatory evidence was provided to the defense. None was produced by the attorney-defendant in the civil case during discovery. Based on the fact that no indictment was issued, and that the felonies were dropped quickly, it is clear that something happened. Deposition questioning would help plaintiff get to the bottom of this perplexing situation.

### 5. Request for Release of Grand Jury Testimony

Plaintiff requests a transcript of the grand jury testimony of the complainant, Robert Wrzosek, if he testified, for the same reasons that she requests deposition testimony. Courts have discretion to grant such access particularly when secrecy is no longer necessary, as is the case here given that the grand jury records are more than six years old.

Fed. R. Crim. P. 6(e)(3)(E) allows the court to authorize disclosure of a grand jury matter. Rule 6(e)(6) states that records, orders and subpoenas relating to grand jury proceedings are only sealed "to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." In determining whether to disclose grand jury transcripts, the court must balance the public interest in disclosure against the interest in continued secrecy.

"[A]s the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification," the

Supreme Court said in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. at 223 (1979); *accord Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399 (1959).

At this stage, it is beyond dispute that disclosure would not affect any legitimate law enforcement function. Furthermore, the tensions surrounding the incident have long since subsided, and the principals involved have left the U.S. attorney's office. This testimony would well shed light on the issues raised in Section 4 above. This information is necessary for a fair adjudication of the civil case pending in D.C. Superior Court.

Since there is no interest in continued secrecy, given the fact that the matter has been closed for years, the public interest in disclosure of complainant Robert Wrzosek's grand jury testimony clearly outweighs continued secrecy.

## C. ARGUMENT

### Summary Judgment

Summary judgment in FOIA cases requires the Court to ascertain whether the agency has sustained its burden of showing that the documents requested are ... exempt from disclosure," *Williams v. FBI* et. al., No. 94-5737 U.S. App. (D.C. Cir. 1995), quoting *Gallant v. NLRB*, 26 F.3d 168, 171 (D.C. Cir. 1994).

Summary judgment is granted based on affidavits if "they contain reasonable specificity of detail rather than mere conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith," Id., quoting *Halperin v. CIA*, 629 F.2d 144, 148 (D.C. Cir. 1980).

In this case, contradictory evidence exists regarding the adequacy of search, number of records and exemptions claimed as outlined in sections 1, 2, 3 and 4 above. Summary judgment should be denied.

Motion to Dismiss

A motion to dismiss should be granted if "it appears beyond doubt that, under any reasonable reading of the complaint the plaintiff will be unable to prove any set of facts that would justify relief." *Leinenbach v. Department of Justice*, 2006 U.S. Dist. LEXIS 39307 at 7.

"Because such motions 'summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation, [they] should be treated with the greatest of care.'" *Leinenbach*, supra, at 7, citations omitted.

The factual allegations in the complaint must be presumed true and liberally construed in favor of the plaintiff. *Id* at 7, citations omitted.

Defendants alleged (1) that plaintiff failed to name a proper party under the FOIA, (2) that their FOIA obligation has been fully satisfied, and (3) that the USAO was not arbitrary or capricious in its resolution of plaintiff's request under the applicable regulations …" (Defs' Mot. To Dismiss at 2). Each is addressed below.

Proper Party

Defendants state that a cabinet agency, such as the Department of Justice, is the proper defendant in an APA/FOIA suit rather than individuals. While true, a suit against a government official in his/her official capacity is the same as a suit against the agency itself, as is the case here. *Atchinson v. District of Columbia*, 315 U.S. App. D.C. 318, 73 F.3d 418, 424 (D.C. Cir. 1996) at 17. Plaintiff named proper party defendants.

FOIA Obligations Not Satisfied

Defendants have not satisfied their FOIA obligations for the reasons outlined in

sections 1, 2, and 3 above pertaining to adequacy of the search, the number of documents at issue, and the exemptions claimed.

## USAO Response was Inadequate

EOUSA's response has been inadequate and confusing. No showing of arbitrary and capricious behavior is necessary although plaintiff argues that such behavior has been demonstrated.

### D. SUMMARY

#### Public Interest

This case seeks information that is at the heart of the purpose of the FOIA. "Only when the information requested reflects directly upon the way that the agency conducts business has the requester placed something on the public interest side of the balancing equation. *Landano v. U.S. Department of Justice,* 508 U.S. 165, 113 S. Ct. 2014, 124 L. Ed. 2d 84 (1993).

The information sought shows in the most basic way what the government was up to during the arrest and prosecution of plaintiff. This is a case study in how decisions are made regarding evaluation of evidence and procedural justice.

As a result of the totality of circumstances, plaintiff respectfully requests that EOUSA be required to produce the contested documents identified above, to produce the most knowledgeable assistant U.S. attorney for deposition questioning, and to provide a transcript of Robert Wrzosek's grand jury testimony.

Respectfully submitted,

Maureen Santini
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

EXHIBIT 1

January 12, 2001 replacement of charges

U.S. Department of Justice
United States Attorney's Office
District of Columbia

District of Columbia
Criminal Division

---

The United States Attorney for the District of Columbia

Defendant's Name: _____

Defendant's Address: __2620 Moreland Place NW  Washington DC  20015__

did on or about __9/1/00__

commit the crime or crimes indicated herein and identified by an X-mark or X-marks:

☐ **ASSAULT** — in that he unlawfully assaulted and threatened in a menacing manner _____ ; in violation of Section 22-504, District of Columbia Code.

☐ **ASSAULT** — in that he unlawfully assaulted and threatened in a menacing manner _____ , in violation of Section 22-504, District of Columbia Code.

☒ **THREATS** — in that he made threats to do bodily harm to __Robert Wrzosek__ in violation of Section 22-507, District of Columbia Code.

☐ **POSSESSION OF A PROHIBITED WEAPON (a)** — in that he possessed a _____ in violation of Section 22-3214(a), District of Columbia Code.

☐ **POSSESSION OF A PROHIBITED WEAPON (b)** — in that he possessed, with intent to use unlawfully against another, a _____ , in violation of Section 22-3214(b), District of Columbia Code.

☐ **POSSESSION OF A PROHIBITED WEAPON (knife over 3 inches long)** — in that he possessed, with intent to use unlawfully against another, a knife with a blade longer than three inches, in violation of Section 22-3214(b), District of Columbia Code.

☐ **CARRYING A DEADLY WEAPON** — in that he carried, openly and concealed, on and about his person, a deadly and dangerous weapon, namely, a _____ , capable of being concealed on and about his person, in violation of Section 22-3204, District of Columbia Code.

☐ **CARRYING A PISTOL WITHOUT A LICENSE** — in that he carried, openly and concealed on, and about his person, a pistol without a license therefor issued as provided by Section 22-3206, District of Columbia Code, in violation of Section 22-3204, District of Columbia Code.

☐ **UNREGISTERED FIREARM** — in that he possessed and had under his control a firearm without being the holder of a valid registration certificate, in violation of Sections 6-2311, 2376, District of Columbia Code.

☐ **UNREGISTERED AMMUNITION** — in that he possessed ammunition without being the holder of a valid registration certificate for a firearm of the same gauge or caliber as the ammunition he possessed, in violation of Sections 6-2361, 2376, District of Columbia Code.

---

United States Attorney for the District of Columbia

By: Assistant United States Attorney for the District of Columbia _____

Date: __1/12/01__

Officer: __Juan Davila__

District: __2D__

EXHIBIT 2

AUSA Denial of Request for Arrest Warrant on October 25, 2000.

| ☐ Classification Change | ☒ Additional Information | 2D | 204 | Stalking | 124-448 |
|---|---|---|---|---|---|

| | | 10/28/00 | 2D Det. | N/A | |

| 12/14/99-9/8/00 | 9/10/00 | | 2950 Van Ness St. N.W. | ☐ PUBLIC ☒☒ PRIVATE |
|---|---|---|---|---|

| ☐ YES ☐ NO | Apartment | N/A | | |

Complainant: Wrzesek, Robert   M   W   1/08/78

## SOLVABILITY FACTORS

Complete each item below. If additional space is needed, use the narrative section. If necessary, use PD Form 251-A. Refer to the specific item numbers when continuing information in the narrative section or on PD Form 251-A.

| | | |
|---|---|---|
| IS THERE A WITNESS? | ☐ YES ☐ NO | If yes, enter name(s), address(es), phone number(s), hours of availability and brief account. |
| IS A SUSPECT NAMED? | ☐ YES ☐ NO | Enter the name and include any nickname used. |
| IS THE STOLEN PROPERTY TRACEABLE? | ☐ YES ☐ NO | Include reason why or why not. |
| IS PHYSICAL EVIDENCE PRESENT? | ☐ YES ☐ NO | Describe it. |
| IS THE PERPETRATOR KNOWN TO THE VICTIM? | ☐ YES ☐ NO | If yes, describe the relationship. |

## ADDITIONAL STOLEN PROPERTY

## NARRATIVE:

2D Case # 5074

Re. P.O. 251 On 10/25/00 an Affadavit was presented to AUSA Tischner.

Th: AUSA will not pursue criminal charges against the suspect.

Un:ersigned requests the case be closed per 304.1

Suspect:   Santini, Maureen, WF, 12/31/48 of 2620 Moreland Pl. N.W.

A.F. Bovino D-120 2D

*Value of vehicles will be entered by the Information Processing Section, Data Processing Division.

B7P7375   PAGE____ OF ____ PAGES

CONFIDENTIAL

EXHIBIT 3

Arrest warrant issued December 5, 2000

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CRIMINAL DIVISION

No. USW 1991-00

### COMPLAINT

District of Columbia ss:

The undersigned having made oath before me declared that on __OR ABOUT THE 1ST__ day of __SEPTEMBER__ , A.D. XX __2000__ , at the District aforesaid, one __MAUREEN L. SANTINI OF 2620 MORELAND PLACE N.W. WDC__

MAUREEN L. SANTINI THREATNED TO INJURE THE PERSON OF ROBERT WRZOSEK IN WHOLE OR IN PART.

in violation of Title __22__ Section __2307__ of the District of Columbia Code.

Affiant's Name: _____

Subscribed and sworn to before me this __5TH__ day of __DECEMBER__ , A.D. 19 2000

(Judge)    (Deputy Clerk)
Superior Court of the District of Columbia

### WARRANT

To the United States Marshal or any other authorized federal officer or the Chief of Police of the District of Columbia:

WHEREAS the foregoing complaint and affidavit supporting the allegations thereof have been submitted, and there appearing probable cause and reasonable grounds for the issuance of an arrest warrant for __MAUREEN L. SANTINI__

YOU ARE THEREFORE COMMANDED TO BRING THE DEFENDANT BEFORE SAID COURT OR OTHER PERSON ENUMERATED IN 18 U.S.C. 3041 forthwith to answer said charge.

Issued __DECEMBER 5,__ XX 2000

SEX:    FEMALE
DOB:    12-31-48
CCR:    124-448
PDID:

Judge,
Superior Court of the District of Columbia.

Charge: __THREATS (FELONY)__

Date of Offense: __ON OR ABOUT THE 9-1-00__

Officer: __JAMES BOVINO__

Badge No: __D-2    120    2D__

OFFICER MUST EXECUTE RETURN:

Officer's Name _____

Time _____

Date __12/15/00__

United States District Court For the District of Columbia

| | |
|---|---|
| MAUREEN SANTINI,<br>     Plaintiff | )<br>)<br>) |
| v. | )<br>)<br>) |
| JEFFREY A. Taylor, et al.,<br>     Defendants | )<br>)<br>)<br>)<br>) |

Civil Action No. 06-1970 GK

## Affidavit of Maureen Santini

I, Maureen Santini, do hereby state:

1. I am over the age of 18 and competent to make the statements in this affidavit.

2. The information in Plaintiff's Opposition to Motion to Dismiss or Alternatively for Summary Judgment is true and accurate to the best of my knowledge.

3. I did not threaten to harm the complainant, Robert Wrzosek. The "he said, she said" dispute resulted from a bad joke taken from the title of the sitcom Just Shoot Me.

I affirm under penalty of perjury that the statements above are true and correct to the best of my knowledge.

*Maureen Santini*
Maureen Santini

MANJIT TANEJA
NOTARY
PUBLIC
My Comm. Expires
Jan. 1, 2010.
MONTGOMERY COUNTY, MD

OFFICIAL SEAL
MANJIT TANEJA
NOTARY PUBLIC-MARYLAND
MONTGOMERY COUNTY
My Commission Expires January 1, 2010

4/25/2007.

United States District Court For the District of Columbia

MAUREEN SANTINI,                          )
      Plaintiff                          )
                        )
      v.                                 )       Civil Action No. 06-1970 GK
                        )
JEFFREY A. Taylor, et al.,                )
      Defendants                        )
                        )
_____)

Disputes with Defendants' Statement of Material Facts
And Additional Material Facts

Disputes with Defendants' Statement

    1. Plaintiff disputes the adequacy of the FBI search.  (Pl. Opp. At 1-2).

    2. No dispute.

    3. No dispute that the FOIA request was processed and that some documents

were released and others withheld or that the declaration of John F. Boseker addresses

such matters.  Disputed that the declaration settles any issues in the instant case.

    4. Disputed.  Boseker's declaration was unclear as to the number of pages of

documents, the description of some of the documents in the Vaughn Index, and

inconsistent regarding why certain documents were produced in full and others redacted

although they contained similar information.

    5. No dispute that Defs' AR 9-12 is one place in the record where plaintiff

explained the need for deposition testimony.  Disputed that it is the only place.

    6. No dispute that Defs' AR 1-7 is a letter from defendants to plaintiff regarding

her request for deposition testimony.

    7. No dispute.

Plaintiff's Statement of Additional Material Facts

     1. The adequacy of the search for documents in response to plaintiff's FOIA

request is unclear from Boseker's declaration. (Pl. Opp., 2-3).

     2. The number of pages of documents at issue pertaining to plaintiff's FOIA

request is unclear from Boseker's declaration. (Pl. Opp., 3-4).

     3. Several of the documents that were withheld in full or in part should have been

produced. (Pl. Opp., 4-10).

     4. Plaintiff adequately explained her need for deposition testimony. (Pl. Opp.,

10-12).

     5. Two of defendants' objections to deposition testimony, method of service and

discovery deadlines, can be cured independent of the instant case. (Pl. Opp., 10-11).

     6. The need for secrecy regarding Grand Jury activities in the underlying case

more than six years ago has long since passed. (Pl. Opp., 13).

                  Respectfully Submitted,

                  Maureen Santini, pro se

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of plaintiff's opposition to defendants' motion to

dismiss or alternatively for summary judgment on April 25, 2007 to:

W. Mark Nebeker
Assistant U.S. Attorney
Civil Division

555 4th Street NW
Washington DC 20530

Maureen Santini
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

United States District Court For the District of Columbia

MAUREEN SANTINI,                      )
            Plaintiff                 )
                                      )
        v.                            )          Civil Action No. 06-1970 GK
                                      )
JEFFREY A. Taylor, et al.,            )
                                      )
        Defendants                    )
                                      )
_____)

Order

Upon consideration of defendants' motion to dismiss or alternatively for summary

judgment and plaintiff's opposition thereto, and the entire record, it is this _____ day of

May 2007:

    ORDERED that defendants' motion is denied;

    ORDERED that the defendants shall produce within 10 days the disputed records

and the duplicates;

    ORDERED that the grand jury testimony of Robert Wrzosek shall be produced to

plaintiff within 10 days.

    ORDERED that the defendants shall produce the most knowledgeable assistant U.S.

attorney for deposition testimony as soon as the D.C. Superior Court permits.

                                        _____
                                        U.S. District Court Judge

Copies to:

W. Mark Nebeker

Assistant U.S. Attorney
Civil Division
555 4th Street NW
Washington DC 20530


Maureen Santini
5810 Ipswich Road
Bethesda, MD 20814

United States District Court For the District of Columbia

MAUREEN SANTINI,                      )
        Plaintiff                     )
                                      )
    v.                                )        Civil Action No. 06-1970 GK
                                      )
JEFFREY A. Taylor, et al.,            )
        Defendants                    )
                                      )
_____ )

Order

Upon consideration of defendants' motion to dismiss or alternatively for summary

judgment and plaintiff's opposition thereto, and the entire record, it is this _____ day of

May 2007:

        ORDERED that defendants' motion is denied;

        ORDERED that the defendants shall produce within 10 days the disputed records

and the duplicates;

        ORDERED that the grand jury testimony of Robert Wrzosek shall be produced to

plaintiff within 10 days.

        ORDERED that the defendants shall produce the most knowledgeable assistant U.S.

attorney for deposition testimony as soon as the D.C. Superior Court permits.

                                        _____

                                        U.S. District Court Judge

Copies to:

W. Mark Nebeker

Assistant U.S. Attorney
Civil Division
555 4th Street NW
Washington DC 20530


Maureen Santini
5810 Ipswich Road
Bethesda, MD 20814