```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

MAUREEN SANTINI,                  )
                                  )
                 Plaintiff,       )
     v.                           )   Civil Action No. 06-1970 GK
                                  )
JEFFREY A. TAYLOR, et al.,        )
                                  )
                 Defendants.      )
                                  )
```

DEFENDANTS' RESPONSE TO PLAINTIFF'S
"OPPOSITION TO DEFENDANTS' 'SUGGESTION OF MOOTNESS' AND RESPONSE TO REQUEST TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED"

Plaintiff initiated this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701-706, seeking information about herself and her criminal prosecution in the Superior Court, which ended when she entered the diversion program and the case was dismissed.  Plaintiff has sought disclosure of documents under the FOIA and also to challenge the refusal by the Office of the United States Attorney for the District of Columbia ("USAO") to comply with a subpoena issued by the Superior Court, which was quashed in an October 17, 2006 Order entered in Santini v. Herman, Miscellaneous Action No. 06-179 RMC.  At the time the Complaint was filed, Plaintiff had not yet complied with the requirements of the applicable Touhy regulations.[1]  But on or about February 5, 2007, Plaintiff forwarded an Affidavit In Support Of Request For Documents And Testimony, which was then

---

[1] See United States ex rel. Touhy v. Ragen, 340 U.S. 463 (1951).

acted upon. However, as noted in Defendants' January 16, 2008 Suggestion Of Mootness, Plaintiff's Superior Court civil action in which she sought deposition testimony has now been dismissed. See Docket No. 32 and accompanying January 10, 2008 "Order Granting Defendants' Joint Motion To Dismiss And Denying Defendants' Motion For Monetary Sanctions" in Santini v. Herman, Case No. 2003 CA 007616 B (D.C. Super. Ct.).[2]

As Defendants submitted in the Suggestion Of Mootness, Plaintiff's APA claim, seeking approval of deposition testimony in the Superior Court civil action is, therefore, moot. Even were the agency to conclude (with or without an order from this Court) that Department of Justice employees were free to testify in the litigation, Ms. Santini could not compel the testimony in a suit that has been dismissed.[3] A similar result was reached by the Court of Appeals:

> As the underlying action has been decided against the appellants, this collateral discovery dispute is now moot. See City of El Paso v. S.E. Reynolds, 887 F.2d 1103, 1105-06 (D.C. Cir. 1989) (finding moot a dispute over subpoenas in support of a litigant's motion to recuse of the presiding state judge after state court had ruled against litigant in the underlying action). That appellants have appealed the adverse state court

---

[2] The date stamped on the Order is "JAN 10 2007", but the year appears to be a mistake, because the text of the order identifies its date as "this 7th day of January 2008. . ." January 7, 2008 Order at 5.

[3] Ironically, one of the reasons for dismissal of the Superior Court action was Ms. Santini's "refusing to attend and complete deposition." See January 7, 2008 Order at 1-3.

>ruling does not suffice to keep this collateral proceeding alive as "there is no longer a trial proceeding in aid of which a subpoena for a discovery deposition may issue." Id. at 1105.  Depositions under federal subpoena can occasionally be obtained pending appeal, but only through compliance with Fed. R. Civ. P. 27(b), which requires "a real showing of the need for the preservation of the evidence and a finding by the District Court that the perpetuation of testimony pending appeal ... is proper to avoid a failure or delay of justice." City of El Paso, 887 F.2d at 1105 (internal quotation marks omitted).  There has been no suggestion in this case that such a showing could be made.
>
>   Under City of El Paso, 887 F.2d at 1106, our conclusion that this discovery dispute is moot causes us to affirm the quashal of the subpoenas on grounds of mootness.  We also vacate the decision below insofar as it reached the merits of the Department's federal defense and remand the case to the district court with instructions that it be dismissed as moot.  See id.

Lopez Contractors, Inc. v. F&M Bank Allegiance, 90 Fed.Appx. 549, 2004 WL 335203 (D.C. Cir. Feb. 18, 2004); see also United States. v. Love, 172 Fed.Appx. 504, 506, 2006 WL 525856, 1 (4th Cir. 2006) (subpoena matter deemed moot where the testimony was sought in a motions hearing and the motion was then withdrawn).

WHEREFORE Plaintiff's APA claim is moot.  The FOIA claim remains viable and has been fully briefed.  Defendants ask that the Court, in deciding the FOIA claim, include in its analysis the arguments made in the Memorandum Of Points And Authorities In Support Of Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment (Docket No. 12); the Reply To Plaintiff's Opposition To Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment and supplemental declaration

(Docket No. 24); and defendants' Opposition To Plaintiff's Motion To Strike (Docket No. 27).  Finally, upon resolution of the issues in this action and for the reasons previously set forth in the memoranda seeking to file materials under seal temporarily, Defendants submit that the seal should be lifted.

                        Respectfully submitted,


                        _____
                        JEFFREY A. TAYLOR, DC Bar #498610
                        United States Attorney


                        _____
                        RUDOLPH CONTRERAS, DC Bar #434122
                        Assistant United States Attorney


                        _____/s/
                        W. MARK NEBEKER, DC Bar #396739
                        Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendants' Response to Plaintiff's "Opposition To Defendants' 'Suggestion Of Mootness' And Response To Request To Show Cause Why Case Should Not Be Dismissed" has been made by mailing copies thereof to:

MAUREEN SANTINI
5810 Ipswitch Rd.
Bethesda, MD  20814

on this 24th day of March, 2008.

/s/
W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230