United States District Court for the District of Columbia

| | |
|---|---|
| MAUREEN SANTINI,<br>    Plaintiff<br><br>v.<br><br>JEFFREY A. Taylor, et. al.,<br>    Defendants | )<br>)<br>)<br>)   Civil Action No. 06-1970 GK<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiff moves for leave to supplement her original complaint.

This request is based on events that have occurred since the original complaint was filed on November 17, 2005. Specifically, defendants' have failed to respond to plaintiff's supplemental FOIA request for nearly a year.

A supplemental complaint is attached to this motion.

*Maureen Santini*, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

**RECEIVED**
MAR 2 5 2008
Clerk, U.S. District and
Bankruptcy Courts

1

United States District Court for the District of Columbia

| | |
|---|---|
| MAUREEN SANTINI,            )<br>    Plaintiff                             )<br>                                              )<br>    v.                                       )<br>                                              )<br>JEFFREY A. Taylor, et. al.,      )<br>    Defendants                        )<br>                                              )<br>_____ ) | Civil Action No. 06-1970 GK |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**

Background

On November 17, 2005, plaintiff filed a complaint seeking records that the Executive Office for United States Attorneys (EOUSA) withheld in response to plaintiff's 2004 request for documents under the Freedom of Information Act and the Privacy Act. The complaint also seeks compliance with a subpoena. The case is pending.

In a letter dated April 9, 2007, plaintiff made a supplemental request for information under the Freedom of Information Act. The supplemental request was related to the initial request. *Exhibit 1.*

In a letter dated May 18, 2007, EOUSA acknowledged receipt of plaintiff's supplemental request but denied plaintiff's request for expedited processing. *Exhibit 2.*

Plaintiff has yet to receive any documents.

Failure to produce records in response to plaintiff's supplemental request appears to be a prima facie violation of the Freedom of Information Act. Because the requested

2

information was relevant to a civil case in D.C. Superior Court, which has since been dismissed, this violation adversely affected plaintiff.

The FOIA under 5 U.S.C. § 552(a)(3) provides a statutory right to examine an agency's records if a request is made that reasonably describes the records. Such records must be disclosed unless they are withheld pursuant to one of nine exemptions listed in §552(b). After receiving a request, an agency "shall make the records promptly available," shall determine within 20 days excluding weekends and holidays whether to comply and shall immediately notify the requester of its determination and the reasons.

The 20 working days have long since elapsed. In the May 18, 2007 letter, defendants made a general observation that they might need nine months to produce the documents but such an estimate appeared to be mere speculation. In any event, that timeframe has elapsed as well.

Under Federal Rule of Civil Procedure 15, a Court may, in its sound discretion, grant a request for leave to amend a complaint after a responsive pleading has been served. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Rule 15 requires the Court to grant such leave "freely" when "justice so requires." *Caribbean Broad. Sys. Ltd. V. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998).

Based on the facts outlined above, plaintiff requests leave to supplement her complaint in the interests of justice.

_Maureen Santini_
Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

## CERTIFICATE OF SERVICE

I certify that on March 25, 2008, I mailed a copy of plaintiff's motion for leave to supplement complaint to:

W. Mark Nebeker
Assistant U.S. Attorney
Civil Division
555 4th Street NW
Washington DC 20530


*Maureen Santini*
Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

United States District Court for the District of Columbia

MAUREEN SANTINI,  )
    Plaintiff )
)
v.   )   Civil Action No. 06-1970 GK
)
JEFFREY A. Taylor, et. al.,  )
    Defendants )
)
_____ )

ORDER GRANTING MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

Upon consideration of plaintiff's motion for leave to file a supplemental complaint, and the entire record in this case, it is this _____ day of April 2008

ORDERED that plaintiff's motion for leave to supplement her complaint is granted.

Defendants will produce documents requested in plaintiff's letter of April 9, 2007 within five days after the date of this order.

_____
Gladys Kessler
U.S. District Court Judge

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MAUREEN SANTINI | ) ) ) | Civil Action No. 06-1970 GK |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| JEFFREY A. TAYLOR, et. al., | ) ) | |
| Defendants | ) ) | |

SUPPLEMENTAL COMPLAINT

Plaintiff respectfully files this supplemental complaint and states as follows.

1. The U.S. District Court has jurisdiction over this matter under the Administrative Procedure Act, 5 U.S.C. § 701-706.

2. Venue is proper within the District of Columbia pursuant to 28 U.S.C. § 1391.

3. Plaintiff is an adult citizen of Maryland and resides in Bethesda.

4. The U.S. attorney's office is organized under the laws of the United States Code and is subject to suit under the Administrative Procedure Act.

5. Plaintiff incorporates by reference the information in her complaint of November 17, 2005.

6. Plaintiff supplements the complaint of November 17, 2005 with the following information:

a. In a letter dated April 9, 2007, plaintiff made a supplemental request for information under the Freedom of Information Act. *Exhibit 1*

4

b. In a letter dated May 18, 2007, EOUSA acknowledged receipt of plaintiff's letter but denied plaintiff's request for expedited processing. *Exhibit 2.*

c. To date plaintiff has received no response to her supplemental FOIA request. This violates the Freedom of Information Act and has adversely affected plaintiff.

Accordingly, plaintiff seeks immediate production of records sought in her supplemental request.

Respectfully submitted,

*[signature: Maureen Santini]*

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

March 25, 2008

Exhibit 1 – Plaintiff's Supplemental Request for Documents

Maureen Santini
5810 Ipswich Road
Bethesda, MD 20814

April 9, 2007

Department of Justice
EOUSA
FOIA/PA Unit
600 E Street NW Room 7300
Washington DC 20530

FOIA/PA Request No. 010//WIW or 04-3900

Dear EOUSA,

This letter supplements my 2004 FOIA request for records to which you responded in 2005 by producing several pages of records in full and in part and withholding several pages. These withheld documents are currently the subject of a suit in U.S. District Court and are not at issue in this letter.

However, you did offer to provide copies of public documents for a small fee. If possible, I would like to accept that offer now. Please send the documents at your earliest convenience.

Today's letter concerns a new request for information about the procedures and practices of the U.S. attorney's office in the areas detailed below.

**U.S. Attorney's Office Procedures and Practices**

I am requesting all manuals, guidelines, rules or regulations, official and unofficial, that set forth the manner in which the U.S. attorney's office in Washington D.C. is required to handle, or customarily does handle, cases from pre-arrest through case closure. The word "procedures" used below is meant to be as inclusive as possible, including formal procedures mandated by the Justice Department or the U.S. attorney and informal habits and practices of the office. This request includes such information as:

- Circumstances under which assistant U.S. attorneys may approve or decline to approve requests for arrest warrants from the metropolitan police department.
- Circumstances under which assistant U.S. attorneys may approve or decline to approve requests for arrest warrants on potential charges of threats or stalking from the metropolitan police department.

6

- The number of requests for arrest warrants from the metropolitan police department that the U.S. attorney's office approved and declined to approve each year from 1998 through 2002.
- The reason for the approval or disapproval.
- Procedures for dealing with prospective defendants before they are charged including whether the U.S. attorney's office is required to interview the prospective defendant before lodging charges, what prevention techniques are employed to prevent charging innocent people, what techniques are employed to verify disputed allegations, and what techniques or procedures are employed to check the credibility of a complainant and unsworn witness statements.
- Procedures regarding how to handle "he said, she said" allegations in which a complainant makes an accusation which is unsupported by physical evidence or witnesses including whether it is customary practice to lodge felony charges in such cases without interviewing the accused.
- Procedures for situations in which a person has been charged but an indictment does not materialize for any reason including under which circumstances the charges are then dropped and under which circumstances the charges are then reduced.
- Procedures which address whether inability to obtain an indictment after felony charges have been lodged is considered exculpatory and whether such information is routinely relayed to the defense.
- Procedures for identifying exculpatory information and providing it to the defense.
- Procedures and guidelines for discussing the details of a case with the defense including which details are furnished on the initiative of the U.S. attorney's office, which are furnished only if the defense requests them, and which are withheld even if requested.
- Procedures regarding circumstances in which the U.S. attorney's office ultimately suspects or realizes that criminal charges may have been lodged in error, regardless of whether the accused was ever convicted or sentenced.
- Formal and informal criteria used to determine the "win/loss" record of the U.S. attorney's office and of individual assistant U.S. attorneys.
- All information regarding whether directing a defendant into the diversion program is considered a "win" for the U.S. attorney's office and/or an individual assistant U.S. attorney.
- All information regarding whether dismissal of charges is considered a "win" for the U.S. attorney's office and/or for an assistant U.S. attorney.
- All information regarding how the "win/loss" record of an assistant U.S. attorney is used in performance evaluations.
- All information regarding the "win/loss" record of the U.S. attorney's office each year from 1998 through 2002 including how this information was compiled and how it was communicated to others, including the Justice Department.

**Diversion Program**

I request all information about administration of the diversion program for the years 1998 through 2002 including but not limited to standards for entrance or admittance if any and the statutory basis of the program, if any.

7

I also request all manuals, guidelines, rules or regulations, formal or informal that describe the circumstances under which the diversion program is or should be considered as an alternative to prosecution.

This request includes statistical and demographic information about those who were in the diversion program during the years outlined above. The information would include age, gender, crime charged, and whether or not they completed the program successfully. This also includes analyses or studies regarding reasons for success or failure. Since I am requesting anonymous, aggregate data, this should not implicate any privacy interests.

This request also includes the following:

1. The procedure diversion program officials are expected to follow if a diversion candidate refuses to sign an admission of guilt or signs under protest.
2. The number of people each year from 1998 through 2002 who were admitted to the program but either refused to sign an admission of guilt or changed their minds regarding participation in the diversion program.
3. All guidelines, rules or regulations that suggest or mandate which crimes are eligible for diversion and which are not.
4. All guidelines, rules or regulations that suggest or mandate which type of individual is eligible and which type is not.
5. All compilations or case law pertaining to diversion cases, particularly pertaining to the District of Columbia.

My request is for the broadest possible search for official and unofficial records responsive to these issues. If any of the requests are not self-explanatory, please contact me at 301.530.0101 and I will provide a more detailed explanation. Since these issues are a matter of public interest, I believe waiver of fees is appropriate. I would be grateful if the request could be expedited.

Sincerely,

Signed/

Maureen Santini

9

Exhibit 2 – Defendants' Response to Supplemental Request for Documents

Case 1:06-cv-01970-GK   Document 37-2   Filed 03/25/2008   Page 6 of 8

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

Requester: Maureen Santini        Request No.: 07-1607            MAY 18 2007

Subject: USAO Procedures & Practices (DC)/DDC

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions; for example, Project Requests usually take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, if you have not been granted a fee waiver, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

    If you wish to revise your request to try to reduce fees, you may use the attached form. If you do not wish to incur fees for your request as it is now stated, please submit this form (or your letter revising your request) to us immediately so that your request, and fees, can be limited.

Sincerely,

*William G. Stewart*

William G. Stewart II
Assistant Director

Form No. 001 - 3/07

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester: Maureen Santini

MAY 18 2007

Request Number: 07-1607

Dear Ms. Santini:

    This is in response to your letter dated April 9, 2007 (and received in our office on April 13, 2007), in which you request expedited treatment of your Freedom of Information Act/Privacy Act request. As you may know, expedited treatment allows one requester to receive processing of his or her request ahead of other requesters who have already filed their requests. Not surprisingly, such a displacement of others who have legal rights to a prompt agency response cannot be done except under circumstances that clearly warrant the action, as carefully defined by agency regulation. The Department of Justice has published its rules for granting expedited processing at 28 Code of Federal Regulations § 16.5(d).

    After careful consideration of your letter, I have concluded that you have not presented a case that would warrant granting expedited processing ahead of others. Your letter does not detail any circumstances that would allow me to grant your request. A person seeking expedited processing should show (1) circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; r (2) an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information; (3) that a loss of substantial due process rights is involved; or (4) that the request involves a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. Therefore, in the absence of any such justification, I must deny your request for expedited treatment.

    We are proceeding to process your request in the normal order.

    You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked, "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 20 C.F.R. §16.9.

Sincerely,

*William G. Stewart II*

William G. Stewart II
Assistant Director

Form No. 015 - 2/06