UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAUREEN SANTINI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 06-1970 GK |
| ) | |
| JEFFREY A. TAYLOR, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

INTRODUCTION

On November 17, 2006, Plaintiff initialed this action to compel deposition testimony of federal employees in her Superior Court civil action and to compel production of documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment was filed on March 14, 2007; on April 25, 2007, Plaintiff opposed the motion; and a reply was filed on June 15, 2007. Plaintiff's efforts to strike certain portions of Defendants' submission have peppered the record as well. See Docket No. 20; Docket No. 23; Docket No. 28; Docket No. 30.[1]

As previously noted by Defendants, the request for review of the denial of testimony under Department of Justice regulations is now moot, given that Plaintiffs' discovery abuses have led to the dismissal of her Superior Court civil action.

---

[1] The Motion To Strike was denied in a Minute Order entered on January 8, 2008.

Plaintiff, however, after full briefing on the FOIA claim set forth in the original complaint,[2] now seeks to add another FOIA claim not relating to records on herself, but on numerous categories of agency materials.[3] Defendants oppose the supplementation, because the supplement would be futile and the supplementation at this late date would cause unduly delay in resolution of the case and would prejudice the defendant's ability to reach the just and speedy resolution of the pending claims. See Fed. R. Civ. P. 1 (indicating that the rules of the Court should be "construed and administered to secure the just, speedy, and inexpensive determination of every action.").

ARGUMENT

In Hall v. CIA, 437 F.3d 94, 100-101 (D.C. Cir. 2006), the Court of appeals affirmed the denial of leave to supplement a complaint to include a supplemental FOIA claim. There the Court noted:

> Delay and prejudice are precisely the matters to be addressed in considering whether to grant motions for supplemental pleadings; such motions are to be " freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any

---

[2] The Complaint described her request to involve "information about her arrest and prosecution" Complaint, ¶ 9.

[3] Plaintiff has apparently attached her 3-page single-spaced FOIA request with at least 21 categories of requested materials. See Plaintiff's proposed Supplemental Complaint, Exhibit 1.

>   of the other parties to the action." Wright Et Al.,
>   *supra,* § 1504, at 186-87.  In analyzing prejudice, the
>   district court referred to Hall's ongoing refusal to
>   pay fees, Nov. 2003 Mem. Op. II at 3, a matter now
>   moot, but it does not appear to have regarded that
>   conduct as pivotal.  Moreover, the suit already filed
>   as to the February 2003 FOIA request protects Hall from
>   prejudice as to any claims arising out of that request,
>   as the district court foresaw.  Thus we find no abuse
>   of discretion in the court's denial of that aspect of
>   Hall's motion.

Id. A similar approach is warranted here, where Plaintiff has waited over a year since the filing of Defendants' dispositive motion.

>   Rule 15(d) authorizes the court, "upon reasonable
>   notice and upon such terms as are just," to permit a
>   party to serve a supplemental pleading setting forth
>   events which have happened since the date of the
>   original complaint. Fed. R. Civ. P. 15(d).  Supplements
>   under Rule 15(d) always require leave of the court, and
>   the court has broad discretion in determining whether
>   to allow supplemental pleadings in the interests of
>   judicial economy and convenience.  United States v.
>   Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002); Miller v.
>   Air Line Pilots Ass'n Int'l, 2000 WL 362042, at * 1
>   (D.D.C. Mar. 30, 2000).

Wright v. Herman, 230 F.R.D. 1, 4 (D.D.C. 2005); accord Banks v. York, 448 F.Supp.2d 213, 214 (D.D.C. 2006).

The Court of Appeals reviews a district court's denial of a motion for leave to amend a complaint for abuse of discretion; and this Court may properly deny a motion to amend a complaint as futile, if the proposed claim would not survive a motion to dismiss.  James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1098 (D.C. Cir. 1996); see Gaubert v. Federal Home Loan Bank Board, 863 F.2d 59, 69 (D.C. Cir. 1988) (No abuse of discretion

to refuse to allow filing of second amended complaint which failed to cure defects in first two complaints); Albrecht v. Lund, 845 F.2d 193, 195, modified, 856 F.2d 111 (9th Cir. 1988); Wakeen v. Hoffman House, Inc., 724 F.2d 1238, 1243-44 (7th Cir. 1983); Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983) (Courts are not obliged to indulge litigants indefinitely, especially when their amendments constitute futile gestures), cert. denied, 467 U.S. 1210 (1984); Jackson v. Salon, 614 F.2d 15, 17 (5th Cir. 1980) (No error to deny motion to amend where the amendment would be futile); see also Dorman v. Thornburgh, 740 F. Supp. 875, 880 (D.D.C. 1990) (Motion to amend was properly denied where proposed amendment would not cure jurisdictional and venue problems which required dismissal of original complaint); Monroe v. Williams, 705 F. Supp. 621 (D.D.C. 1988).[4]

Some Courts have tilted the balance against allowing

---

[4] The Court of Appeals has reiterated that it will review decisions under Rule 15 only for abuse of discretion and that:

> According to the Supreme Court, a district court should grant leave to amend a complaint "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

Atchinson v. District of Columbia, 73 F.3d 418, 425 (D.C. Cir. 1996) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

amendments where, as here, a summary judgment motion has been filed.  See In Avatar Exploration, Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314, 315-17, 320-21 (5th Cir. 1991) (affirming the district court's denial of a Rule 15(a) motion that was filed in response to a motion for summary judgment, noting "We ... affirm denials of motions to amend when amendment would be futile." ); Johnson v. Dunbar, 1994 WL 35605, 4 (D.C. Cir. 1994).

    Here, Plaintiff again attempts to name non-agencies as defendants in a FOIA case.  As reflected in the Memorandum Of Points And Authorities In Support Of Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment at 2-3, such claims cannot be brought against individuals.  Thus the proposed supplement would be futile and may be denied for that reason as well.  See Frank v. U.S. West, Inc., 3 F.3d 1357, 1366 (10th Cir. 1993) (affirming denial of motion to supplement where the Court had already determined that there is no proper defendant in the case).

amendments where, as here, a summary judgment motion has been filed.  See In Avatar Exploration, Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314, 315-17, 320-21 (5th Cir. 1991) (affirming the district court's denial of a Rule 15(a) motion that was filed in response to a motion for summary judgment, noting "We ... affirm denials of motions to amend when amendment would be futile." ); Johnson v. Dunbar, 1994 WL 35605, 4 (D.C. Cir. 1994).

    Here, Plaintiff again attempts to name non-agencies as defendants in a FOIA case.  As reflected in the Memorandum Of Points And Authorities In Support Of Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment at 2-3, such claims cannot be brought against individuals.  Thus the proposed supplement would be futile and may be denied for that reason as well.  See Frank v. U.S. West, Inc., 3 F.3d 1357, 1366 (10th Cir. 1993) (affirming denial of motion to supplement where the Court had already determined that there is no proper defendant in the case).

CONCLUSION

For the foregoing reasons, Defendants respectfully oppose Plaintiff's Motion For Leave To Supplement Complaint.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Memorandum Of Points And Authorities In Opposition To Plaintiff's Motion For Leave To Supplement Complaint, and a proposed Order has been made by mailing copies thereof to:

MAUREEN SANTINI
5810 Ipswitch Rd.
Bethesda, MD  20814

on this 8th day of April, 2008.

                                                   /s/
W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUREEN SANTINI,                )
                                )
            Plaintiff,           )
      v.                         )   Civil Action No. 06-1970 GK
                                )
JEFFREY A. TAYLOR, et al.,       )
                                )
            Defendants.          )
                                )

ORDER

UPON CONSIDERATION OF Plaintiff's "Motion For Leave To Supplement Complaint", for the reasons set forth in the opposition to the motion and based upon the entire record herein, it is this ____ day of _____, 2008,

ORDERED that the Motion For Leave To Supplement Complaint be and it is hereby denied.

_____
UNITED STATES DISTRICT JUDGE

W. MARK NEBEKER
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530

MAUREEN SANTINI
5810 Ipswitch Rd.
Bethesda, MD  20814