United States District Court for the District of Columbia

| | | |
|---|---|---|
| MAUREEN SANTINI,<br>Plaintiff | ) ) ) | |
| v. | ) ) | Civil Action No. 06-1970 GK |
| JEFFREY A. Taylor, et al.,<br>Defendants | ) ) ) ) | |

MOTION FOR LEAVE TO FILE SUR REPLY TO DEFENDANTS'
OPPOSITION TO MOTION TO SUPPLEMENT COMPLAINT
AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff hereby requests leave to file this brief response to defendants' opposition to plaintiff's motion to supplement her complaint.

Defendants cited two main reasons for opposing plaintiff's motion to supplement her complaint. First, "the supplement would be futile." Second, the supplement would "cause undue delay in resolution of the case and would prejudice the defendants' ability to reach the just and speedy resolution of the pending claims." (Defs' Opposition at 2.)

These reasons do not hold up under scrutiny. Plaintiff will address each in turn.

Futility Argument is Erroneous

Defendants alleged repeatedly that plaintiff's supplement to her complaint would be "futile." Upon close inspection, the only basis of the alleged "futility" was that the named defendants were individuals rather than their agencies. Defendants initially raised this issue in their motion to dismiss or alternatively for summary judgment. Plaintiff responded to it in her opposition paper at 16 (Pl. Opposition, filed April 25, 2007). As generally true, a suit filed against a government official in his or her official

RECEIVED

APR 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

capacity is the same as a suit against the agency itself, according to case law, including *Atchinson v. District of Columbia*, 315 U.S. App. D.C. 381, 73 F.3d 418, 424 (D.C. Cir 1996) at 17.

Thus, plaintiff named proper party defendants. If, for any reason, the Court prefers that the agencies be named instead of the individuals in their official capacity, plaintiff will amend her complaint. Since plaintiff is requesting the Court to allow her to supplement her original complaint, it seemed only logical to name the same defendants.

In evaluating the supplement on its merits, there is every reason to believe it will be successful since the defendants demonstrably failed to comply with the provisions of the Freedom of Information Act.

Undue Delay

Defendants' additionally opposed plaintiff's request to supplement her complaint on the grounds that it would cause undue delay in resolving the case and "prejudice the defendants' ability to reach the just and speedy resolution of the pending claims."

This argument is false for many reasons. First, plaintiff requested expedited consideration of her original complaint to save time. Defendants' opposed plaintiff's motion to expedite. Second, defendants' repeatedly asked for enlargements of time in this case. These actions indicate that delay was hardly a consideration for defendants.

Third, defendants had a legal obligation to respond to plaintiff's request for documents under the Freedom of Information Act in a timely manner. By failing to comply at all – after nearly a year – it seems crystal clear that defendants are in violation of the law.

Plaintiff is the one suffering prejudice from defendants' refusal to take timely action as required by law. Plaintiff respectfully points out that defendants have only themselves to blame for the timing of the request to supplement her complaint. Had defendants complied with plaintiff's FOIA request at all – let alone in a timely manner – no supplement would have been necessary. If plaintiff had filed a request to supplement much earlier, she likely would have been told that defendants needed time to gather the documents requested.

It is noteworthy that defendants did not say whether they intend to comply with plaintiff's FOIA request and, if so, when. In the nearly four weeks since plaintiff's request to supplement has been filed, plaintiff has received no communication from defendants regarding their plans to fulfill her FOIA request. The fact that defendants have allowed plaintiff's FOIA request to languish for nearly a year without communication indicates that plaintiff's only hope of receiving documents in response to her request lies with her supplement.

Testimony

Plaintiff's original complaint sought testimony and subpoena compliance from the U.S. Attorney's Office for use in a case that was pending in D.C. Superior Court. The case has been dismissed but an appeal has been filed. (Civil Action No. 08-CV-000152). Therefore, defendants' allegation that the matter is moot is false.

Sealing

Plaintiff vigorously opposes unsealing of any documents in this case.

Summary

3

Wherefore, plaintiff respectfully requests the Court to allow her to supplement her complaint.

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

April 18, 2008

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of plaintiff's motion for leave to file sur reply and

memorandum in support thereof on April 19, 2008 to:

W. Mark Nebeker
Assistant U.S. Attorney
Civil Division
555 4th Street NW
Washington DC 20530

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

5