UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
MAUREEN SANTINI,               )
                               )
        Plaintiff,             )
                               )
    v.                         )    Civil Action No. 06-1970 (GK)
                               )
JEFFREY A. TAYLOR, et al.,     )
                               )
        Defendants.            )
_____)
```

### MEMORANDUM OPINION

Plaintiff Maureen Santini, proceeding pro se, brings this action against Jeffrey A. Taylor, United States Attorney, and Daniel J. Metcalf, Director of the Department of Justice's Office of Information and Privacy[1] alleging violations of the Freedom of Information Act, 5 U.S.C. § 552 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.  This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [**Dkt. No. 12**].  Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendants' Motion to Dismiss is **granted**.

---

[1] Both Defendants are sued only in their official capacity.

**I.    BACKGROUND[2]**

Plaintiff brings this action in an attempt to obtain from the U.S. Attorney's Office for the District of Columbia and the Department of Justice's Office of Information and Privacy information about her and a criminal case that was brought against her by the United States Attorney's Office in D.C. Superior Court in December 2000. The criminal case against Plaintiff, which initially alleged two charges of false threats, ultimately was dismissed. Subsequent to her criminal prosecution, Plaintiff filed a civil suit in D.C. Superior Court against the attorneys who represented her in that criminal proceeding from 2000 to 2001. Plaintiff currently seeks disclosure of documents under the FOIA and challenges the refusal by the U.S. Attorney's Office to comply with a subpoena issued in Plaintiff's civil case.[3] Plaintiff's Superior Court civil case was dismissed on January 7, 2008.

---

[2] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. See In re Baan Co. Securities Litigation, 245 F. Supp. 117, 124-25(D.D.C. 2003). Therefore, the facts set forth herein are taken from Plaintiff's Complaint.

[3] Following their initial receipt of Plaintiff's subpoena for documents in April 2006, Defendants removed to this Court. Judge Collyer, writing for this Court, quashed the subpoena on October 17, 2006, noting that the Court lacked jurisdiction to enforce a Superior Court subpoena against the federal government and lacked jurisdiction to consider Plaintiff's allegations given her failure to exhaust her administrative remedies under the Administrative Procedure Act ("APA").

## II.  STANDARD OF REVIEW

To prevail on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), it is the plaintiff's burden to establish that the court has subject matter jurisdiction to hear the case.  In re Swine Flu Immunization Prods. Liab. Litig., 880 F.2d 1439, 1442-43 (D.C. Cir. 1989); Jones v. Exec. Office of the President, 167 F. Supp. 2d 10, 13 (D.D.C. 2001).  While the Court must accept as true all factual allegations contained in the complaint, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), "plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim," because the plaintiff bears the burden of proof.  Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (internal quotation marks omitted).  In making its determination regarding the existence of subject matter jurisdiction, the court may consider matters outside the pleadings.  Lipsman v. Sec'y of the Army, 257 F. Supp. 2d 3, 6 (D.D.C. 2003).

Courts in this jurisdiction must liberally construe pleadings submitted by a pro se party.  See United States v. Palmer, 296 F.3d 1135, 1143 (D.C. Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) for the proposition that the allegations of a pro se litigant, "however inartfully pleaded," are subject to "less

stringent standards than formal pleadings drafted by lawyers").

However, there are limits to the latitude a court must afford pro se parties. A court may not, for instance, permit pro se litigants to disregard the Federal Rules of Civil Procedure. United States. v. Funds From Prudential Sec., 362 F. Supp. 2d 75, 82 (D.D.C. 2005). Nor may a court entertain "what[ever] claims a [pro se litigant] may or may not want to assert" without an adequate jurisdictional basis. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987).

**III. ANALYSIS**

    **A.  Plaintiff's Administrative Procedure Act Claim Is Moot.**

On January 16, 2008, Defendants filed a Suggestion of Mootness with the Court, arguing that the recent dismissal of Plaintiff's Superior Court civil action rendered her APA claim in the instant case moot. Plaintiff's APA claim alleged that the U.S. Attorney's Office arbitrarily and capriciously refused to comply with the subpoena issued in Plaintiff's civil case, and therefore violated the APA. Because the dismissal of Plaintiff's Superior Court action extinguishes any right she may have had to issuance of a subpoena in that proceeding, and because the relief requested in her APA claim is no longer available, Plaintiff's APA claim must be dismissed as moot.

Plaintiff argues that notwithstanding the dismissal of her civil case, her subsequent appeal of the Superior Court ruling prevents her claim from becoming moot. However, it is well settled that an appeal

of an adverse state court ruling is not sufficient to keep underlying collateral discovery disputes alive, as "there is no longer a trial proceeding in aid of which a subpoena . . . may issue." Lopez Contractors, Inc. v. F&M Bank Allegiance, 90 Fed. Appx. 549, 550, 2004 WL 335203, *1 (D.C. Cir. 2004) (quoting City of El Paso v. S.E. Reynolds, 887 F.2d 1103, 1105 (D.C. Cir. 1989)).  Consequently, Plaintiff's claim must be dismissed as moot.

**B.   The Court Lacks Subject Matter Jurisdiction to Enforce the Freedom of Information Act Against Individuals.**

Plaintiff's FOIA claims also must be dismissed, because this Court lacks subject matter jurisdiction to enforce the Freedom of Information Act against individuals.  Plaintiff has named only individuals, not agencies, in this case.

The Freedom of Information Act grants district courts "jurisdiction to enjoin the agency from withholding agency records improperly withheld from the complainant."  5 U.S.C. §552(a)(4)(B) (emphasis added). Accordingly, this Court lacks jurisdiction to hear FOIA claims against individuals, even where such individuals are agency heads or other agency officials named in their official capacity. Santos v. Drug Enforcement Agency, 357 F. Supp. 2d 33, 36 (D.D.C. 2004); Stone v. Defense Investigative Service, 816 F. Supp. 782, 785 (D.D.C. 1993). Because Plaintiff has named as defendants in this case government employees in their official capacity (i.e., Defendants Jeffrey Taylor and Daniel J. Metcalf), rather than the agency being sued, Plaintiff's case must be dismissed with prejudice

pursuant to Federal Rule of Civil Procedure 12(b)(1).

**IV. CONCLUSION**

For the foregoing reasons Defendants' Motion to Dismiss [**Dkt. No. 12**] is **granted** and this case is **dismissed with prejudice.**

An Order shall accompany this Memorandum Opinion.

_____                    _____/s/_____
May 27, 2008                                 Gladys Kessler
                                             United States District Judge


**Copies to: Attorneys of record via ECF and**

**Maureen Santini**
**5810 Ipswitch Rd.**
**Bethesda, MD 20814**