United States District Court for the District of Columbia

| | |
|---|---|
| MAUREEN SANTINI,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| The U.S. Department of Justice<br>Office of Information and Privacy<br>Suite 11050<br>1425 New York Avenue<br>Washington, DC 20530-0001<br>    Defendants | )<br>)<br>)  Civil Action No. 06-1970 (GK)<br>)<br>)<br>)<br>)<br>) |

### MOTION TO VACATE DISMISSAL AND
### REINSTATE COMPLAINT AS AMENDED

In response to the Court's order of May 27, 2008, plaintiff hereby moves to vacate the dismissal of her complaint and to reinstate the amended complaint.

The new complaint substitutes the U.S. Department of Justice Office of Information and Privacy as defendant and deletes the APA cause of action.

For the reasons set forth in the memorandum of points and authorities, plaintiff request that her motion be granted.



Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

June 9, 2008

RECEIVED
JUN 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court for the District of Columbia

| | |
|---|---|
| MAUREEN SANTINI, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>The U.S. Department of Justice )<br>Office of Information and Privacy )<br>Suite 11050 )<br>1425 New York Avenue )<br>Washington, DC 20530-0001 )<br>    Defendants )<br>_____ ) | Civil Action No. 06-1970 (GK) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO VACATE DISMISSAL
AND REINSTATE COMPLAINT AS AMENDED**

On May 27, 2008, this Court dismissed this case for lack of jurisdiction as to the Freedom of Information Act claim and for mootness as to the Administrative Procedure Act claim.

Plaintiff corrected these deficiencies and accordingly seeks to vacate the dismissal and reinstate her complaint as amended, which substitutes the U.S. Justice Department Office of Information and Privacy as the defendant and deletes the APA cause of action.

**Good Cause and/or Excusable Neglect**

Plaintiff diligently tried to identify the correct defendants. Before filing the complaint, she researched cases against the government and discovered that many named officials in their official capacity as defendants.

When the defendants argued that the agency, rather than individual officials, was the proper party, plaintiff conducted further research that resulted in a good faith belief that suing an official in his/her official capacity was the same as suing the agency itself.

2

The case plaintiff has cited in this regard is *Atchinson v. District of Columbia*, 315 U.S. App. D.C. 381, 73 F.3d 418, 424 (D.C. Cir. 1996) at 17. This case involved a suit against a government official but it did not pertain to the Freedom of Information Act.

When plaintiff's case was not dismissed quickly on the grounds of improper defendant, plaintiff believed that her research was correct. However, plaintiff's Motion for Leave to File a Sur Reply of April 18, 2008 said at 2: "If, for any reason, the Court prefers that the agencies be named instead of the individuals in their official capacity, plaintiff will amend her complaint."

Plaintiff's diligence provides good cause for reinstatement.

**Reinstatement Causes No Prejudice**

Designating the agency as the defendant creates no prejudice since the agency has been on notice from the start of the allegations. The claims in the amended complaint arose out of the conduct set forth in the original complaint. Allowing plaintiff to file an amended complaint comports with the judicial preference to decide issues on their merits.

**Amending the Complaint**

Under Federal Rule of Civil Procedure 15, a Court may, in its sound discretion, grant a request for leave to amend a complaint after a responsive pleading has been served. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Rule 15 requires the Court to grant such leave "freely" when "justice so requires." *Caribbean Broad. Sys. Ltd. V. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998).

Should plaintiff's complaint be reinstated, she does intend to request that the additional claim outlined in plaintiff's Motion for Leave to Supplement Complaint of March 25, 2008, hereby incorporated by reference, be joined with the current case as a

3

supplemental pleading. Rule 15(d) allows a party to serve a supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Plaintiff will substitute the agency as defendant in the supplement.

Based on the facts outlined above, plaintiff requests leave to amend and reinstate her complaint in the interests of justice.

*Maureen Santini*
Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

June 9, 2008

4

## CERTIFICATE OF SERVICE

I certify that on June 7, 2008, I mailed a copy of plaintiff's motion for leave to vacate dismissal and reinstate her amended complaint to:

W. Mark Nebeker
Assistant U.S. Attorney
Civil Division
555 4th Street NW
Washington DC 20530

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAUREEN SANTINI<br>5810 Ipswich Road<br>Bethesda, MD 20814<br>301.530.0101<br>      Plaintiff<br>  v.<br><br>The U.S. Department of Justice<br>Office of Information and Privacy<br>Suite 11050<br>1425 New York Avenue<br>Washington, DC 20530-0001<br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-1970 (GK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AMENDED COMPLAINT**

1. This is an action under the Freedom of Information Act (FOIA) 5 U.S.C. §552, for appropriate relief and release of requested agency records.

**Jurisdiction**

2. This Court has jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552 (a)(4)(B) and 552 (a)(6)(E)(iii). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.

**Parties**

3. Plaintiff is an adult citizen of Maryland and resides in Bethesda.

4. The Justice Department's Office of Information and Privacy is organized under the laws of the United States Code and is subject to suit under FOIA.

**Statement of Facts**

5

5. Plaintiff was arrested on two charges of felony threats on December 15, 2000. The U.S. attorney's office dropped both within a month and substituted a single misdemeanor, which was later dismissed.

6. In 2003 plaintiff filed suit against the attorneys who represented her in 2000-2001.

7. In 2004-2005 plaintiff sought information about her arrest and prosecution under the FOIA and Privacy Act.

8. In a letter dated June 30, 2004, the Justice Department civil division said it found no records pertaining to plaintiff. In a letter dated August 31, 2004, the DOJ criminal division said it found no records. In a letter dated June 10, 2004, the FBI said it found no records.

9. Around February 28, 2005, plaintiff received several pages of records from the Executive Office of United States Attorneys. Thirty pages were redacted based on claimed exemptions 2, 3, 5, 7(c), 7(d) and 7(f).

10. In August 2004, plaintiff filed an administrative appeal of the FBI's response. The appeal was denied in a letter dated September 30, 2004 and signed by the Justice Department's Office of Information and Privacy. (Exhibit A - original complaint)

11. In September 2004, plaintiff filed an administrative appeal of the DOJ criminal division's response. The appeal was denied in a letter dated December 21, 2004 and signed by the Justice Department's Office of Information and Privacy. (Exhibit B - original complaint)

12. Around March 1, 2005, plaintiff filed an administrative appeal of the redactions in the documents produced by the Executive Office of United States

Attorneys. The appeal was denied in a letter dated September 6, 2005. The letter, signed by the Justice Department's Office of Information and Privacy, also denied plaintiff's request for a Vaughn Index. (Exhibit C - original complaint)

### Exhaustion of Administrative Remedies

13. Plaintiff has exhausted her administrative remedies as shown in 10-12 above.

14. Therefore, plaintiff now files the instant action under FOIA.

### Causes of Action

15. Withholding records from plaintiff's FOIA and Privacy Act requests was without justification and arbitrary and capricious in violation of the FOIA and APA.

16. Although the withholding agency bears the burden of justifying its decision. (*King v. U.S. Department of Justice*, 830 F.2d 210, 217 (D.C. Cir 1987)), plaintiff was not provided with the information required to evaluate the validity of the exemptions. No Vaughn Index or affidavit describing redacted documents was provided.

### Relief Requested

Wherefore, plaintiff requests that this Court:

1. Order the defendant to produce the requested documents.

2. Award costs and reasonable fees as provided by 5 U.S.C. §552(a)(4)(E).

3. Grant such other and further relief as the Court may deem just and proper.

I affirm under penalties of perjury that the information in this complaint is true and accurate to the best of my knowledge.

Respectfully submitted,

7

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

June 9, 2008

8

United States District Court for the District of Columbia

MAUREEN SANTINI,  )
    Plaintiff )
 )
v. ) Civil Action No. 06-1970 GK
 )
U.S. Department of Justice )
Office of Information and Privacy )
    Defendant )
 )
_____ )

## ORDER

Upon consideration of plaintiff's motion to reinstate and amend her complaint, and the entire record in this case, it is this _____ day of _____ 2008

ORDERED that plaintiff's motion of June 9, 2008 to vacate dismissal and reinstate complaint as amended is granted. The amended complaint is reinstated and the agency is substituted as defendant.

_____

Gladys Kessler
U.S. District Court Judge