UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUREEN SANTINI, Plaintiff,

v.

JEFFREY A. TAYLOR, et al., Defendants.

Civil Action No. 06-1970 GK

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE DISMISSAL AND REINSTATE COMPLAINT AS AMENDED

Defendants hereby oppose Plaintiff's belated efforts to reinstate this action and to then reconstitute it as one raising new claims against a new defendant. Plaintiff has failed to establish that reconsideration is appropriate, and this Court has not abused its discretion in declining to allow Plaintiff to rewrite her complaint at this late date or to add a new party.[1] Moreover, she has failed to establish that her proposed amendment would be anything but fruitless. At issue is the Court's ability to control its docket by calling for timely and efficient efforts

[1] Fed. R. Civ. P. 21 provides:

**Misjoinder and Nonjoinder of Parties**

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

See also Gordon v. Lipoff, 320 F. Supp. 905, 922-23 (W.D. Mo. 1970); Keller v. University of Michigan, 411 F. Supp. 1055, 1057 (E.D. Mich. 1974); Spencer v. Dixon, 290 F. Supp. 531 (W.D. La. 1968); International Brotherhood of Teamsters v. AFL-CIO, 32 F.R.D. 441, 442 (E.D. Mich. 1963) (an amendment to complaint to add or drop a party requires an order of the court and limits Rule 15(a)).

by Plaintiff to resolve the issues before the Court. There remains available to Plaintiff the ability to prosecute any claims she may have, but she should not be allowed to avoid the cost of instituting a new action. Indeed, by requiring her to pay a filing fee, she will be encouraged to undertake a meaningful assessment of the lack of merit to her claims. She has not even offered any proper basis to believe that her proposed new claims have any likelihood of success. In fact, her proffered new claims are unlikely to lead to meaningful relief. Under the circumstances, this Court should exercise its discretion by denying Plaintiff's motion and calling for her to do what the Court left available to her in the event she remains unsatisfied with the responses she has received under the Freedom of Information Act: file a new action.

INTRODUCTION

On November 17, 2006, Plaintiff initialed this action to compel deposition testimony of federal employees in her Superior Court civil action and to compel production of documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment was filed on March 14, 2007; on April 25, 2007, Plaintiff opposed the motion; and a reply was filed on June 15,

2007.[2] Plaintiff's efforts to strike certain portions of Defendants' submission have peppered the record as well. See Docket No. 20; Docket No. 23; Docket No. 28; Docket No. 30.[3]

Plaintiff, however, after full briefing on the FOIA claim set forth in the original complaint,[4] then sought to add another FOIA claim not relating to records on herself, but on numerous categories of agency materials.[5] Defendants opposed the supplementation, because the supplement would be futile and the untimely supplementation would have caused unduly delay in resolution of the case and would prejudice the defendant's ability to reach the just and speedy resolution of the pending claims. See Fed. R. Civ. P. 1 (indicating that the rules of the Court should be "construed and administered to secure the just, speedy, and inexpensive determination of every action.").

By Order entered May 28, 2008, this Court dismissed the Complaint against Jeffrey Taylor, United States Attorney for the

---

[2] Defendants explained in their June 15, 2007 reply why Plaintiff's reliance on Atchinson v. District of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996), was misplaced. See Docket No. 24 at 2-3.

[3] The Motion To Strike was denied in a Minute Order entered on January 8, 2008.

[4] The Complaint described her request to involve "information about her arrest and prosecution" Complaint, ¶ 9.

[5] Plaintiff has apparently attached her 3-page single-spaced FOIA request with at least 21 categories of requested materials. See Plaintiff's proposed Supplemental Complaint, Exhibit 1 (Docket No. 37).

District of Columbia and Daniel J. Metcalf, Director of the Department of Justice's Office of Information and Privacy with prejudice, but indicated that Plaintiff may refile the Complaint naming the proper party as a Defendant. See Docket Nos. 40 and 41. Plaintiff has, nevertheless, declined thus far to present her claims as permitted by the Court and has, instead, moved to "reinstate" the case so that she can name a proper party and then supplement the case with the later FOIA claims against a proposed new defendant "the U.S. Department of Justice Office of Information and Privacy." Plaintiff's Motion To Vacate at 1.

ARGUMENT

Defendants submit that Plaintiff has failed to establish any basis to reconsider the dismissal of this action. Plaintiff offers no Rule to support her motion to vacate. Defendants suppose that she intends relief from the final judgment reached in this action, relief that under proper circumstances is available under Rule 60.

Rule 60 provides:

> **Relief from a Judgment or Order**
>
> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.[6] Plaintiff offers no reason to believe that the Court or clerk made any "mistake" in its final judgment.

A district court's decision to deny a Rule 60(b) motion is ordinarily reviewable for abuse of discretion. United States v. Haynes, 158 F.3d 1327, 1331 (D.C. Cir. 1998) (citing Browder v. Director, Department of Corrections, 434 U.S. 257, 263 n.7 (1978)); accord Lepkowski v. U.S. Dept. of Treasury, 804 F.2d 1310, 1312 (D.C. Cir. 1986). Plaintiff has failed to establish that relief under the rule is appropriate in this action.

---

[6] The rule has recently been amended, but the 2007 Advisory Committee notes make clear that the amendments were "intended to be stylistic only." Thus, Defendants rely on the cases interpreting the earlier version of the rule.

Plaintiff has not offered any basis to believe that the judgment is inappropriate. Instead, she has simply reiterated arguments addressed and rejected by the Court, claiming, notwithstanding Defendants' explanation in June 2007 that her reliance on Atchinson was misplaced, that she should be permitted now to add DOJ's Office of Information and Privacy as a defendant, because "Plaintiff's diligence provides good cause for reinstatement." Motion To Vacate at 3. In truth, if Plaintiff intended to demonstrate diligence, her request would have come by way of a motion under Fed. R. Civ. P. 7 and/or 21, and it would have come long ago, certainly before the 15 months that passed between the filing of defendants' motion to dismiss (Docket No. 12) and the Motion To Vacate (Docket No. 42). Plaintiff has failed to satisfy her burden to establish "clear error" or "manifest injustice" as would warrant post-judgment relief under the federal rules. See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996); accord Murray v. District of Columbia, 52 F.3d 353, 355 (D.C. Cir. 1995) (motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense; the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture and that the proffered claim is more than an unsubstantiated boast) (citing Lepkowski v. United States Dep't of the Treasury, 804 F.2d 1310,

1314 (D.C. Cir. 1986)).

In fact, Plaintiff has not even attempted to convince the Court in the Motion To Vacate that the FOIA issues presented in Defendants' dispositive motion are in error. Defendants have demonstrated why the response to Plaintiff's FOIA request was appropriate and have offered to provide the few pages of documents that were not fully released to the Court for in camera review. See Docket Nos. 6, 11-12, 15, 24, 27. Plaintiff has not demonstrated why the response was not appropriate. Indeed, it appears that Plaintiff is now seeking to revitalize her old FOIA claims[7] simply to add some new FOIA claims that have not been properly exhausted.[8] Thus, Plaintiff has failed to establish that her request for relief should be granted.

---

[7] The original FOIA claims were addressed at least in part to information about persons whom Plaintiff had earlier agreed to cease any efforts to investigate. See Docket No. 6 at 2.

[8] Plaintiff's supplemental complaint is apparently based on the FOIA request that was responded to only recently. See June 5, 2008 and June 6, 2008 e-mails (copies attached). She has not stated that upon receipt of the documents she made any effort to appeal the FOIA response to the Office of Information and Privacy, as required. See Oglesby v. U.S. Dept. of Army, 920 F.2d 57 (D.C. Cir. 1990).

CONCLUSION

WHEREFORE, this action should remain dismissed under the terms provided in the Court's May 28, 2008 Order.

Respectfully submitted,

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

**Nebeker, Mark (USADC)**

**From:** Nebeker, Mark (USADC)
**Sent:** Thursday, June 05, 2008 11:00 AM
**To:** 'Maureen Santini'
**Subject:** RE: Request for Clarification in Santini matter

I have been authorized to assure you that we will not raise res juducata in a new case you may file based on the new FOIA request that has yet to be litigated? If you do file such a case and another Assistant U.S. Attorney is assigned, I invite you to let me know so I can discuss the matter with him or her.

I have also made inquiry about the status of the search for responsive documents and have learned that on or about April 25, 2008, responsive documents were forwarded from our office to the Executive Office for U.S. Attorneys. You may contact that office at the following address if you still have questions about the processing of the request: 600 E Street, N.W., Suite 7300, Washington, DC 20530. You may refer them to FOIA Request No. 07-1607.

---

**From:** Maureen Santini [mailto:mssantini@yahoo.com]
**Sent:** Thursday, May 29, 2008 10:42 AM
**To:** Nebeker, Mark (USADC)
**Subject:** Request for Clarification

Good morning,

As per our conversation this morning, I request clarification of the DOJ position regarding refiling the case with DOJ as defendant. I also would like an ETA on fulfillment of my recent FOIA request.

Thanks,
Maureen

**Nebeker, Mark (USADC)**

**From:** Maureen Santini [mssantini@yahoo.com]
**Sent:** Friday, June 06, 2008 6:50 AM
**To:** Nebeker, Mark (USADC)
**Subject:** RE: Request for Clarification

Thanks for your response. I did receive documents but unfortunately they were not responsive.

Regarding dismissal, I plan to file a motion to reinstate with an amended complaint naming DOJ as defendant and deleting APA cause of action.

--- On **Thu, 6/5/08, Nebeker, Mark (USADC) *<Mark.Nebeker@usdoj.gov>*** wrote:

From: Nebeker, Mark (USADC) <Mark.Nebeker@usdoj.gov>
Subject: RE: Request for Clarification
To: "Maureen Santini" <mssantini@yahoo.com>
Date: Thursday, June 5, 2008, 11:01 AM

I forgot to provide you the telephone number for EOUSA, in case you have questions that can be answered over the phone. The number is (202) 616-6757.

---

**From:** Maureen Santini [mailto:mssantini@yahoo.com]
**Sent:** Thursday, May 29, 2008 10:42 AM
**To:** Nebeker, Mark (USADC)
**Subject:** Request for Clarification

Good morning,

As per our conversation this morning, I request clarification of the DOJ position regarding refiling the case with DOJ as defendant. I also would like an ETA on fulfillment of my recent FOIA request.

Thanks,
Maureen

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Memorandum Of Points And Authorities In Opposition To Plaintiff's Motion To Vacate Dismissal And Reinstate Complaint, and a proposed Order has been made by mailing copies thereof to:

MAUREEN SANTINI
5810 Ipswitch Rd.
Bethesda, MD 20814

on this 23rd day of June, 2008.

W. Mark Nebeker /s/

W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC 20530
(202) 514-7230

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAUREEN SANTINI, Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-1970 GK |
| JEFFREY A. TAYLOR, *et al.*, Defendants. | ) | |

ORDER

UPON CONSIDERATION OF Plaintiff's Motion To Vacate Dismissal And Reinstate Complaint for the reasons set forth in the opposition to the motion and based upon the entire record herein, it is this _____ day of ______, 2008,

ORDERED that the Plaintiff's Motion To Vacate Dismissal And Reinstate Complaint be and it is hereby denied.

___________________________________
UNITED STATES DISTRICT JUDGE

W. MARK NEBEKER
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

MAUREEN SANTINI
5810 Ipswitch Rd.
Bethesda, MD 20814