United States District Court for the District of Columbia

MAUREEN SANTINI,           )
    Plaintiff              )
                           )
v.                         )    Civil Action No. 06-1970 GK
                           )
JEFFREY A. Taylor, et al., )
    Defendants             )
                           )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
SUR REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO REINSTATE THE COMPLAINT AS AMENDED

Plaintiff urges the Court to decide the motion based only on the issue of substituting the proper party defendant and to hold in abeyance any decision pertaining to new claims. These are separate issues and should be treated separately.

The defendants' opposition mixes these two issues, unnecessarily complicating the issue.

The current case was dismissed because an individual was named as defendant rather than the government agency. Fed. R. Civ. P. 21 provides that misjoinder of parties is not a ground for dismissing an action and that "on motion or on its own, the court may at any time, on just terms, add or drop a party."

After substituting the proper defendant, this case should continue to resolution on its merits. No purpose would be served by forcing plaintiff to file a new case, in essence beginning anew on the same claims. Plaintiff has already paid the filing fee to have her claims decided on their merits.

Defendant claims plaintiff "failed to establish any basis to reconsider the dismissal of this action" Opposition at 4. Plaintiff disagrees. The very language of Rule 21 suggests that adding or dropping a party is well within the court's ability in the same case.

For these reasons, and those in plaintiff's motion, plaintiff requests that her complaint be reinstated with the new defendant.

*Maureen Santini*
Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

July 9, 2008

3